[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14022

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00080-CV-CAR-3

BRIDGE CAPITAL INVESTORS II,

Plaintiff-Counter-
Defendant,

versus

PRESTON W. SMALL,

Defendant-Counter-
Claimant-Third Party Plaintiff
Appellant,

SUSQUEHANNA RADIO CORP.,

Third Party
 Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(July 12, 2005)**

Before DUBINA, PRYOR and RONEY, Circuit Judges.

PER CURIAM:

The defendant/third-party plaintiff/appellant, Preston W. Small ("Small"), asserts that the third-party defendant/appellee, Susquehanna Radio Corp. ("Susquehanna"), is liable to him on three claims (one for fraud in the inducement and two in contract) for a $1 million payment allegedly owed to him under the terms of a 1990 contract to which Susquehanna was not a party. The district court disagreed with Small and granted summary judgment in favor of Susquehanna. Small appealed. For the reasons that follow, we affirm.

## I.  BACKGROUND

This case involves two contracts: the "Small Agreement" and the "Susquehanna Asset Purchase Agreement." On February 12, 1990, Small entered into the Small Agreement with Emerald Broadcasting of the South ("Emerald") and Crown Broadcasting ("Crown"), which were owned by Thomas Gammon ("Gammon"). Under the Small Agreement, Small received $2 million in exchange for his agreement not to interfere with certain relocation plans for Emerald's radio station WHMA (now WWWQ). The Small Agreement further provided that Emerald was to pay an additional $1 million if it sold the station to an entity in which Emerald, Crown, or Gammon held no interest.

2

In January of 1991, Emerald merged with Sapphire Broadcasting, Inc., and the name of the resulting corporation became Sapphire Broadcasting, Inc. ("Sapphire"). Gammon was Sapphire's sole stockholder, and, in May 1994, he transferred all of his shares in Sapphire to Bridge Capital Investors, Inc. ("BCI"), the plaintiff in this case. Thus, by May 1994, BCI was the successor-in-interest to all of the original rights and responsibilities of Emerald under the Small Agreement, including the $1 million payment obligation, which Small now seeks from BCI and Susquehanna.

On May 22, 1997, Sapphire and Susquehanna executed the Susquehanna Asset Purchase Agreement for the sale of radio stations WHMA-AM and WHMA-FM to Susquehanna. The Susquehanna Asset Purchase Agreement did not include the Small Agreement. In addition, it expressly disavowed any successor liability for Sapphire's obligations. The record reveals that Small was acutely aware by April 1997 of the facts upon which he bases his February 21, 2003, lawsuit against Susquehanna; in fact, by letter sent in April 1997 Small threatened Susquehanna with litigation for this very $1 million payment.

## II. DISCUSSION

In this case we consider whether the district court correctly held that Small's claims are time-barred, and we conclude that they are. We review the district

court's grant of summary judgment de novo. *Gay v. Gilman Paper Co.*, 125 F.3d 1432, 1434 (11th Cir. 1997).

Small's fraud claim is subject to Georgia's four-year statute of limitations. O.C.G.A. § 9-3-31; *see also Kerce v. Bent Tree Corp.*, 305 S.E.2d 462, 462 (Ga. Ct. App. 1983). Notwithstanding the fact that Susquehanna was not a party to the 1990 Small Agreement–and thus cannot possibly have induced Small to enter into it–the statute of limitations began to run on the date that the parties executed the contract. Accordingly, any claim Small may have had under this theory expired in February 1994; but, Small did not file this action until 2003. In addition, Small's contention that Susquehanna "ratified" the alleged fraud by entering into the Susquehanna Asset Purchase Agreement on May 22, 1997, is also baseless: the statute of limitations on such a claim expired on May 22, 2001.

Further, the district court correctly held that Small failed to produce persuasive evidence on any of the elements required to toll the statute of limitations. *See, e.g., McClung Surveying, Inc. v. Worl*, 541 S.E.2d 703, 706 (Ga. Ct. App. 2000). Nothing was concealed from Small, and he was fully aware of the key facts necessary to investigate and pursue his claims in 1997. Indeed, in April 1997, Small sent a demand letter to Sapphire and Susquehanna that threatened legal action against them if he was not paid the $1 million he now seeks.

4

Small's breach of contract claims also fail. Any claim that Susquehanna breached the 1990 Small Agreement (to which it was not a party) expired in 1994. *See* O.C.G.A. § 9-3-25. And, any claim that Susquehanna breached the 1990 Small Agreement by way of the 1997 Susquehanna Asset Purchase Agreement expired in May 2001. *See King Indus. Realty, Inc. v. Rich*, 481 S.E.2d 861, 866 (Ga. Ct. App. 1997) ("Contracts that are partly written and partly in parol must be considered as in parol and are governed by the four-year statute of limitation applicable to oral contracts[, O.C.G.A. § 9-3-25].").

Finally, even if these contract claims are not time-barred, the district court correctly determined that they fail as a matter of law. A purchasing corporation does not assume the liabilities of the seller unless there is an express agreement to do so, the transaction is a fraudulent attempt to avoid liability, the purchaser is a mere continuation of the predecessor corporation, or the transaction is a merger between the purchasing corporation and the selling company. *Perimeter Realty v. GAPI, Inc.*, 533 S.E.2d 136, 145 (Ga. Ct. App. 2000). In this case, there is no scenario by which Susquehanna assumed the liabilities of BCI.

Accordingly, we affirm the district court's grant of summary judgment in favor of Susquehanna.

**AFFIRMED.**