LOCHRANE *et al. v.* EQUITABLE LOAN AND SECURITY COMPANY.

1. Where an application is made to the superior court for partition of land by sale, and the judge, after hearing evidence, appoints commissioners and orders them to sell the land, such judgment is so far final as to authorize the objecting party to bring the case to the Supreme Court by proper bill of exceptions.

2. Where a tenant in common gives notice to his cotenant that he will make application to the next term of the superior court for a writ of partition, and applies to the judge of said court in vacation for an order requiring a non-resident to be made a party, no application having then been filed in

court, the judge has no jurisdiction in chambers to order service by publication upon such non-resident.

3. Section 4788 of the Civil Code, in relation to service by publication upon non-residents in partition suits, is not repealed by the general law of service by publication, found in the Civil Code, §§ 4978 et seq.

4. An application by one cotenant against another for partition of land by sale may be tried at the term to which the application is made, if the party defendant has time, in the judgment of the court, to prepare and file his objections; otherwise it should be tried at the next term thereafter.

Argued January 31,— Decided March 24, 1905.

Petition for partition.    Before Judge Lumpkin.    Fulton superior court.    March 31, 1904.

On February 22, 1904, in vacation, the Equitable Loan and Security Company presented to the judge of the superior court a petition in which it is alleged, that the petitioner and Mrs. Josephine Lochrane, Mrs. Lillian Lochrane Conners, Mrs. Josephine Lochrane as guardian of Elma and Willis F. Westmoreland Jr., and Mrs. Idoline Lochrane Ellard are the common owners of described real estate in that county; that the petitioner is the owner of an undivided five twenty-fourths interest therein; that they are all residents of the said county, except Mrs. Ellard, who resides without the State, and at No. 1220 North Calvert street in the city of Baltimore, State of Maryland; that the petitioner intends to file an application to have said property partitioned and, in pursuance of section 4788 of the Code of Georgia, has caused to be served on all the common owners residing in the State of Georgia a notice of its intention to apply for partition at the next term of the said court; and it is prayed that the judge pass such an order as in his judgment is right, for the service, by publication, of a notice which the petitioner desires served upon Mrs. Ellard, a copy of which is attached. The notice referred to is to the effect that the Equitable Loan and Security Company intends to apply, at the next superior court to be held in said county on the first Monday in March next, for the appointment of partitioners to enter upon and make partition of the land described, and that at said time it will apply for a sale of said land as provided in section 4793, and amendments, of the Code of Georgia, for the purpose of partitioning the proceeds. The judge passed an order, on February 22, 1904, that the notice referred to, together with this order, be published weekly for three consec-

utive weeks, in the newspaper in which the sheriff advertises, and that the clerk of the court post, by registered mail, a letter containing a copy of the order and the notice, addressed to Mrs. Ellard. By this order the hearing of the application for partition was set for March 15, 1904, and it was directed that other parties be notified of such setting. On February 23, 1904, the clerk of the court indorsed on the petition for service by publication a statement that he, on that day, mailed a copy of the said order and notice, by registered letter, directed to Mrs. Ellard at the address stated; and on March 9, 1904, the judge indorsed on the petition an order declaring that service by publication on Mrs. Ellard had been perfected. At the time set for the hearing, the Equitable Loan and Security Company presented to the judge its application for partition. Mrs. Josephine Lochrane, in her own right and as guardian of the Westmoreland children, and Mrs. Conners appeared through their counsel and objected to further proceedings at that time, and moved to vacate and set aside so much of the order dated February 22, 1904, as set the 15th of March, 1904, as the date for the final hearing upon the application for partition; contending that such a hearing would be premature, that the defendants, under the law, had until the end of that term of the court to file their defenses or objections to the application, and that they had substantial objections to it. They moved also to vacate and set aside the order of March 9, which declared that Mrs. Ellard had been served, the movants contending that she should have been served in accordance with the Civil Code, § 4978, which had not been done; and that the movants were interested in this fact, because it would probably affect the price of the property should it be sold. The objections and motions were overruled, and an order was passed, extending until March 30, 1904, the time for answering the application for partition, and adjourning the hearing until that date. To this order, and the overruling of these objections and motions, exceptions pendente lite were filed. At the time thus set for the hearing, counsel for the same defendants appeared and announced that they declined to file at that time any objections or defenses, on behalf of their clients, to the granting of the writ of partition or any order of sale on the merits thereof, but orally objected to the passage of any order at that time, either for partition or for sale, on the ground

that any judgment or order then passed would be premature and void, and that legal service had not been perfected upon Mrs. Ellard. These objections were overruled, and counsel for the plaintiff proceeded ex parte to introduce evidence in support of the allegations of its petition. After hearing the evidence, the court passed an order for a sale of the property, to be made on the first Tuesday in May, 1904, appointing three commissioners to conduct the sale, and providing that the sale should be subject to confirmation by the court. Error is assigned upon this order, and upon the exceptions pendente lite.

There was a motion to dismiss the writ of error, on the ground that the orders excepted to were interlocutory and not final, and that the bill of exceptions was premature.

*Anderson & Anderson*, for plaintiffs in error.
*Evins & Spence* and *Candler & Thomson*, contra.

SIMMONS, C. J.   1. In proceedings for partition of land by means of metes and bounds there are two judgments: one interlocutory, that partition be made; the other final, that the partition be confirmed; and it was to this interlocutory judgment that it was held, in the case of *Berryman* v. *Hayden*, 112 *Ga.* 752, relied on by defendant in error, that a writ of error would not lie; such judgment merely directing certain freeholders to make partition of the land by metes and bounds according to the Civil Code, §§ 4789–90, and report their findings to the court; the right being reserved to the court or either party to object to such return, and, if it be shown to be unfair, have the land partitioned again. But an interlocutory judgment as above described, where land is sought to be partitioned in kind, is one thing, while a decree ordering the sale of the property and the proceeds held subject to distribution among the parties at interest, as in the case now before us, is quite another. The order of sale affects substantial rights and involves the merits of the action, and is, to all intents and purposes, a final judgment. Suppose, by way of illustration, the only question in the case is whether the land be partitioned in kind or that it be sold and the proceeds of the sale divided; surely it would work too great a hardship to hold that the parties contending for division by metes and bounds can not file their exceptions until after the property is sold and the deed delivered.

Certainly the order of the court below directing this sale is at least so far final as to authorize the plaintiffs in error to bring the case here by proper bill of exceptions. Another case referred to by counsel for defendant in error is that of *Bank* v. *Burwell*, 120 *Ga.* 540. In that case it was held that an order confirming a sale by a receiver, passed before the final decree, was not such a judgment as could be brought to this court by " fast " writ of error, it not being such a judgment as is provided by the code to be brought here by " fast " bill of exceptions. That case is easily distinguishable from the case under consideration, the case at bar being brought by regular bill of exceptions under the general law.

2. Assignment of error is made to the order of the trial judge passed in vacation and prescribing the method of service by publication upon a non-resident, no application for partition or other pleadings having been filed. This, we think, is a point well taken. Section 4788 of the Civil Code, requiring the party applying for the writ of partition to give twenty days notice to the other parties concerned of his intention to make application, concludes with this language; " and if any of the parties reside without the limits of this State, the court may order service by publication, as in its judgment is right in each case." It was evidently a misconstruction of this section which caused the judge below to grant an order before the application for partition had been filed. It is a well-settled rule of law that a court can not pass any order in a case until some kind of pleading has been filed to give it jurisdiction, and we are constrained to believe that it would be going too far to hold that a petition merely setting forth the petitioner's *intention* to make application for partition of land at a certain time, is sufficient pleading to authorize the court to pass in vacation an order for service by publication. We therefore hold that the court erred in granting this order before the application had been filed.

3. It is also urged by counsel. for plaintiffs in error that the method of service by publication prescribed by the judge in this case was error, for the reason that that portion of section 4788 which leaves it to the discretion of the court is repealed by the general law of service by publication, to be found in the Civil Code, §§ 4976, 4978. We can not agree with the able counsel on this point. There is a generally recognized principle to the

effect that, unless it is expressly so declared, a subsequent statute will not repeal a former if the two can be reconciled. While there is a seeming conflict between these statutes, a careful study of the law of partition has relieved our minds of the impression that there is such conflict. It appears that this statutory method of partitioning lands was, from its inception, intended to provide a speedy remedy. No formal process is required, and the parties desiring the partition may themselves bring the other parties at interest into court by serving them with the twenty-days notice provided in the Civil Code, § 4788, and, since the passage of the amendment to section 4786 (Van Epps' Code Supp. § 6197), the application may be made either in term time or vacation. In section 4788, which provides for the twenty-days notice, it is also provided that if any of the parties at interest live without the limits of this State, the court may order service by publication as in its judgment is right in each case. This is clearly in harmony with the tone of the whole statute — to expedite as far as possible the partition sought; and there was no error committed by the learned judge in the method of service he prescribed, nor can it be said that he in any way abused his discretion. The notice he required to be served upon the non-resident was ample, and fair to all concerned, and would have been valid and binding if based upon the proper pleadings.

4, 5. This brings us now to the last point in the case, and that is, in suits where a sale of the land is desired and proceeds divided, whether the first or second term is the trial term, and *when* the objectors must file their defenses. Upon investigation we find that there is no fixed rule in this State upon the subject. In some of the circuits the trials are had the first term; in others at the second. Nor can we find assistance in any of our books; for, so far as we have been able to discover, this is the first time the question has been before this court. Where partition by metes and bonds is sought, it is expressly provided by statute that the final disposition of the case upon the return of the commissioners shall not be had until the next term of the court after the one to which the application is made, and the defenses may be made either at the term at which the application is filed, or at the next term after the partitioners have made their return. Civil Code, § 4791. No change in the rules of procedure is pro-

vided where a sale of the land is desired, except that the commissioners appointed to conduct the sale shall return their proceedings "to the same term of the court ordering the sale, if then in session, and if adjourned, then to the next term thereof." Civil Code, § 4794. It might be inferred from the language last quoted that the trial should be had at the first term. But however that may be, it would be a harsh construction of the statute to hold that all cases *must* be tried then; for in more than half of the counties in the State the average length of a term of the superior court is not more than a week, and inasmuch as there is no return term in such cases, but the applicant can file his petition at any time, the judge should allow the objecting parties a reasonable time, after the filing of the application, in which to file objections. If the term should continue sufficiently long to give the objectors such reasonable time, then the case may be tried at the first term at which the application is made; but if there is not a sufficient length of time to allow the parties to file objections and be ready for trial, the case should go over to the second term. So we hold that in the case now before us there was no error in proceeding with the trial at the first term. The defendants below had had ample time in which to prepare and file their objections, and their not doing so did not make it erroneous for the court to proceed with the hearing.

*Judgment reversed. All the Justices concur.*