## 65850. KERCE et al. v. BENT TREE CORPORATION.

SHULMAN, Chief Judge.

Appellants Kerce visited the Bent Tree Corporation development in 1971, saw lot 3141, and decided to purchase it. Both

the closing agreement and the warranty deed, however, identified the purchased property as lot 3247 of the development. The error was not discovered by appellants until April 1981 when they were attempting to sell the property. Alleging fraudulent inducement of the contract, appellants filed suit against appellee in August 1981. This appeal stems from the grant of summary judgment to appellee due to the expiration of the applicable statute of limitation.

A suit alleging fraudulent inducement in the purchase of property is an action for injury to property, and the four-year statute of limitation contained in OCGA § 9-3-31 (Code Ann. § 3-1002) is applicable. *Phipps v. Wright,* 28 Ga. App. 164 (1) (110 SE 511). OCGA § 9-3-31 (Code Ann. § 3-1002) begins to run on a cause of action on the date that a suit on the claim can first be successfully maintained. *Limoli v. First Ga. Bank,* 147 Ga. App. 755, 756 (250 SE2d 155). A claim of fraudulent inducement in the execution of a contract accrues on the date of the execution of the contract. *Sears, Roebuck & Co. v. Green,* 142 Ga. App. 770 (237 SE2d 10). Thus, appellants' action, filed over nine years after the execution of the contract, is time-barred unless the tolling provisions of OCGA § 9-3-96 (Code Ann. § 3-807) can be put into effect. Under that statute, if the defendant is "guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action," the period of limitation runs from the time the plaintiff discovers the fraud. " '[I]t is well to remember that the fraud in question is not that which gives, but that which conceals a cause of action.' " *Kirkley v. Sharp,* 98 Ga. 484, 488 (25 SE 562). " 'To constitute concealment of a cause of action so as to prevent the running of limitations, some trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied on must be of an affirmative character and fraudulent.' " *Middleton v. Pruden,* 57 Ga. App. 555, 560 (196 SE 259). " 'The fraud which will relieve the bar of the statute of limitation must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action.' [Cit.] The only fraud that would toll the statute of limitation in the present action would be fraud actually preventing or deterring appellant[s] from bringing suit . . . Appellant[s] [have] not shown that [they were] prevented or deterred by any act of [appellee] from discovering the [difference in lot numbers]. In fact, there is nothing in the record to indicate that appellant[s] would not have discovered that fact at the time the documents were executed if [they] had chosen to read and review the documents carefully." *Frates v. Sutherland, Asbill & Brennan,* 164 Ga. App. 243, 245 (296 SE2d 788). Since the action was not brought within four years of the date the action accrued and

OCGA § 9-3-96 (Code Ann. § 3-807) is not applicable, summary judgment in favor of appellee was appropriate.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 24, 1983.

*William H. Newton III,* for appellants.

*E. Kendrick Smith, Phillip M. Landrum, Jr., Dana E. Garrett,* for appellee.