### 70979. FORSYTH et al. v. JIM WALTER HOMES, INC.
(339 SE2d 350)

CARLEY, Judge.

In 1971, appellants Mr. and Mrs. Forsyth contracted to buy a house from appellee home builders. In connection with that purchase, appellants executed a promissory note in favor of appellee, pursuant to which appellants were to make monthly payments. Appellants also executed in favor of appellee a deed to secure debt which required appellants to maintain insurance upon the house. The house was built, and appellants made monthly payments on the note for some years. In 1981, the house was destroyed by fire. The loss was not covered by insurance, as appellants had allowed their policy to lapse. After the fire, appellants ceased making monthly payments on the 1971 promissory note, and in 1983 appellee instituted the instant action to recover the balance due thereon. Appellants answered and filed a counterclaim. They alleged that appellee's agents had represented to them that they would be discharged from liability on the 1971 note as part of the consideration for a new contract whereby appellee would build a new house for appellants on the site where the first house had been. They further alleged that this representation constituted fraud in the inducement with regard to the second house, and that appellee had breached the construction contract for the second house. In an additional claim, appellants sought damages because appellee's agent had allegedly negligently surveyed their land in connection with the original 1971 construction.

Following discovery, appellee moved for summary judgment in its favor. The motion was granted with respect to all claims except that relating to the breach of the construction contract for the second house. Appellants appeal from the grant of partial summary judgment.

1. Appellants admit that the 1971 promissory note has not been paid in full. However, they contend that there is a genuine issue of material fact as to whether appellee's agents represented to them that that debt would be forgiven. Appellee's agents unequivocally deposed that no such representations were made. In contrast, appellants swore by affidavit and by deposition that appellee's agents told them not to worry about the 1971 debt, and that the agents would go to the courthouse and cancel the record of the indebtedness. Both appellants explained that they trusted appellee's agents to cancel the debt, and they did not request anything in writing. Although appellant Mrs. Forsyth further stated that appellee's agent told her that the debt had actually been cancelled, she admitted that she had investigated and had discovered that the debt had not been released.

It is obvious that there is an issue as to whether appellee's agents made the representations alleged by appellants. However, the alleged representations that the agents *would* cancel the 1971 debt do not afford a basis for relief. Where, as here, there is no indication that alleged promises were known to be false when made, "[f]raud cannot be predicated upon statements which [were] promissory in their nature as to future acts. [Cits.]" *Wall v. Fed. Land Bank*, 156 Ga. App. 368, 371 (1) (274 SE2d 753) (1980). Nor can appellants sustain their claim of fraud on the basis of the alleged statements that the debt had already been cancelled. Appellants could not justifiably rely upon representations which they knew from their own investigation to be untrue. See generally *Griffin v. Griffin*, 130 Ga. 527, 531 (2) (61 SE 16) (1908); *Goldman v. Hart*, 134 Ga. App. 422, 423 (3) (214 SE2d 670) (1975).

Moreover, it is undisputed that both appellants had ample opportunity to read, and that appellant Mrs. Forsyth did read, the documents that they executed in connection with the contract to purchase the second house. Appellants were thus aware that those documents made no reference whatsoever to any forgiveness, discharge, or cancellation of appellants' pre-existing debt to appellee. In spite of that awareness, however, appellants executed an agreement which provided that "no representations or guarantees other than those set forth in the [building contract] documents have been made." Since appellants were not precluded from reading and knowing the terms to which they agreed, "the presence of that clause prevents appellant[s] from showing reliance on any representations made before the contract was signed." *Condios, Inc. v. Driver*, 145 Ga. App. 537 (1) (244 SE2d 85) (1978). See also *Alpha Kappa Psi Bldg. Corp. v. Kennedy*, 90 Ga. App. 587, 591 (1) (83 SE2d 580) (1954).

There being no genuine issue of material fact with regard to appellants' indebtedness on the 1971 promissory note, or with regard to their claim of fraud or fraud in the inducement, the trial court did

not err in granting summary judgment in favor of appellee with regard to those claims.

2. Appellants also enumerate as error the grant of summary judgment against them with regard to their claim based upon an allegedly negligent survey of their land. The survey in question was performed in 1971, and appellee contends that appellants' claim for damages arising from the survey is barred by the eight-year statute of limitation of OCGA § 9-3-51 (a). Appellants do not dispute that OCGA § 9-3-51 (a) applies, but their position is that the statute was tolled by fraud pursuant to OCGA § 9-3-96.

With regard to the issue of fraud, appellant Mrs. Forsyth swore by affidavit that neither she nor her husband had any knowledge that the survey was erroneous until after July 31, 1981. However, that averment is contradicted by her sworn deposition, wherein she stated that she knew the survey was inaccurate when it was being done, and that she so informed the surveyor at the time. Appellant Mr. Forsyth testified in his deposition that he had repeatedly called the surveyor to complain of the erroneous survey from 1971 until the second house was built.

Although the inconsistency of appellants' evidence is readily apparent, there is nothing in the record to indicate that the contradiction was intentionally or deliberately made in order to mislead the court and elude summary judgment. Accordingly, we will construe appellants' evidence most strongly in their favor, as they are respondents to the motion for summary judgment. *King v. Brasington*, 252 Ga. 109, 111 (312 SE2d 111) (1984). See also *Aiken v. Drexler Shower Door Co.*, 155 Ga. App. 436, 437 (270 SE2d 831) (1980); *Keheley v. Benham*, 155 Ga. App. 59 (270 SE2d 285) (1980). Nevertheless, even assuming that appellants had no knowledge of the alleged inaccuracy of the survey until 1981, we find no evidence to raise a genuine issue of material fact with regard to fraud which would toll the statute of limitation. " ' "[I]t is well to remember that the fraud in question is not that which gives, but that which conceals a cause of action." ' [Cit.] ' "To constitute concealment of a cause of action so as to prevent the running of limitations, some trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied on must be of an affirmative character and fraudulent." ' [Cit.]" *Kerce v. Bent Tree Corp.*, 166 Ga. App. 728, 729 (305 SE2d 462) (1983). The record before us contains no evidence that any of appellee's agents took any action whatsoever to hinder appellants from obtaining information about the survey, or that any trick or artifice was employed to prevent inquiry or elude investigation. The surveyor's alleged statements to appellants that the survey was correct constituted mere statements of opinion. "Such expres-

sions of opinion (as opposed to obfuscating facts) are not sufficient to establish the fraud required to toll the statute of limitation pursuant to [OCGA § 9-3-96]. [Cits.]" *Riddle v. Driebe*, 153 Ga. App. 276, 281 (265 SE2d 92) (1980). The trial court properly ruled that the statute of limitation was not tolled, and that appellants' claim based upon the allegedly negligent survey was time-barred.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur in the judgment only.*

DECIDED DECEMBER 3, 1985 —
REHEARING DENIED DECEMBER 18, 1985 —

*Lovick P. Anthony, Jr.*, for appellants.
*Milton Jones, Edwin F. Hunt*, for appellee.