45773. LASSITER PROPERTIES, INC. v. GRESHAM et al.
(371 SE2d 650)

GREGORY, Justice.

This case involves an application to partition property. The appellant owns a 77% undivided interest in the subject property. Appellees own the remaining undivided interest. In April 1985 appellant filed for partitioning under OCGA § 44-6-166.1. In November 1985 the trial court entered an order finding that the property cannot be fairly divided, and appointing three appraisers to appraise the property. The trial court's order stated that the average of the three appraisals would constitute the appraised price of the property in accordance with OCGA § 44-6-166.1 (c). In April 1986, shortly after the last of the three appraisals had been filed, the appellees moved to convert this proceeding into an equitable partitioning under OCGA § 44-6-140. The trial court denied this motion on March 11, 1987. Subsequently, appellees notified the appellant and the court of their intention to purchase the property in accordance with OCGA § 44-6-166.1 (d). This section provides that any party to the partitioning action may pay the remaining parties for their respective shares of the appraised price of the property. This payment will constitute complete satisfaction of the claims of those seeking partition, and title will be transferred to the party making payment. Section 44-6-166.1

(e) (1) provides that "no later than 90 days after the appraised price is established, the parties in interest shall tender to the court sufficient sums to pay to petitioners their shares of the appraised price. . . .or the property shall be subject to public sale pursuant to OCGA § 44-6-167." On March 15, 1988, the trial court entered an order providing that the appellees would be permitted to tender to the court, within 60 days of the date of the order, sufficient sums to pay appellant its respective share of the appraised price of the property. The order further provided that if appellees failed to timely tender the proper sum, the property would be sold at public sale. On appeal appellant complains the trial court lacked authority to extend the time in which tender could be made.

1. The first issue raised by the parties is whether the trial court's judgment is final such that it may be directly appealed to this court.

Prior to 1983 the remedy for one seeking to partition lands which could not be fairly divided was a public sale. OCGA § 44-6-167. The statute provided for the court to appoint three commissioners to conduct the sale of the land. In 1983 the legislature enacted OCGA § 44-6-167.1 to allow an owner of an interest in the land to purchase the property from the other owners without resorting to a public sale. OCGA § 44-6-167 remains a remedy where the lands are not sold pursuant to OCGA § 44-6-166.1.

In construing OCGA § 44-6-167, this court has held that an order of the trial court appointing the commissioners and ordering them to conduct the sale is a final judgment which may be appealed to this court. *Lochrane v. Equitable Loan &c. Co.*, 122 Ga. 433 (50 SE 372) (1905). The court held in *Lochrane* that a rule requiring the parties to wait until the property had been sold and the deed delivered to file an appeal would work too great a hardship. We think this reasoning applies to the case before us. A rule which would require a party in a partitioning action under OCGA § 44-6-166.1 to wait until after the opposing party had purchased the land and had title transferred to him to file an appeal would work the same hardship. We hold that an order of the trial court providing that a party may tender the appropriate portion of the appraised price of the property to the court by a date certain or the property will be subject to public sale is a final judgment which may be appealed directly to this court.

2. The appellant argues that the trial court erred in holding that the appellees could tender the purchase price beyond the ninety day limit of OCGA § 44-6-166.1 (e) (1). As stated above, this section provides that tender shall be made "no later than 90 days after the appraised price is established." The record indicates that the delay was caused, in part, by the necessity of removing clouds on the title to the property before appellees could obtain a loan with which to tender the purchase price. Under these circumstances and the further cir-

cumstance that no harm has been shown, we hold that the trial court did not err in allowing tender to be made beyond the ninety-day period.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 14, 1988.

*John J. Andrews, Jr.,* for appellant.
*Andrew H. Marshall,* for appellees.