## A03A1499. CITY OF McCAYSVILLE v. CARDINAL ROBOTICS, LLC.

### (589 SE2d 614)

BARNES, Judge.

The City of McCaysville appeals the trial court's grant of summary judgment to Cardinal Robotics, LLC (CR), on the City's counterclaim against CR seeking to rescind a real estate sale. For the reasons that follow, we affirm.

> On appeal, we review the trial court's grant of summary judgment de novo to determine whether the evidence of record, viewed in a light most favorable to the nonmoving party, demonstrates any genuine issue of material fact. Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

(Footnotes omitted.) *Preferred Real Estate Equities v. Housing Systems*, 248 Ga. App. 745 (548 SE2d 646) (2001).

The underlying litigation in this appeal is multi-faceted, and involves claims brought by CR against multiple defendants to quiet title and for encroachment and trespass. CR initially sought to require the City to prosecute the company's action to quiet title to more than 33 acres which the City had deeded to CR. The City answered and counterclaimed against CR, seeking to rescind the 1994 sales contract. The City alleged that CR failed to make certain payments on the property, and made false representations when it entered into the sales contract. The City further alleged failure of consideration. CR subsequently amended its complaint to allege that the City had breached its warranty to defend CR's title to the property.

CR moved for summary judgment on the City's counterclaim, arguing that the claim was barred by the statute of limitation, and that the alleged false statements the City relied on were not actionable fraud, being either statements of future intent or statements made years after the parties entered into the contract. The City responded that the statute did not begin to run when the contract was entered, but when CR's obligation to pay a percentage of its gross profits began, which was in 1997. Further, it argued, CR's 1998 refusal to provide information about its income deterred the City from acting earlier. Finally, the City contended that it was entitled to rescind the contract under OCGA § 13-4-62 for CR's failure to perform. In a brief order, the trial court granted summary judgment to CR on the City's counterclaim, and the City appeals.

The parties' September 1994 sales contract and agreement provided:

2. The purchase price of the subject property shall be $125,000.00.

The sum of $4,000.00 shall be paid by Cardinal to the city at the time that the within Agreement is executed.

The balance of the purchase price, $121,000.00 shall be paid by Cardinal to the City in monthly installments of $1,000.00 each, commencing on the 1st day of October, 1994, and continuing on the same day of each month thereafter, through the 1st day of May, 1997; with a final payment of $89,000.00 being due and payable on the 1st day of June, 1997. Said indebtedness to be evidenced by the execution of a deed to secure debt by Cardinal in favor of the City.

. . .

3. As additional consideration for the sale from City to Cardinal, Cardinal agrees to pay to the City one percent (1%) of the gross annual income of Cardinal until the total sum of $1,000,000.00 has been paid by Cardinal to the City. (Said one million dollars to include the payment of the $125,000.00 outlined above.)

4. Upon payment of the 1 million dollars outline[d] above, Cardinal agrees to establish a nonprofit foundation for the benefit of citizens of the City of McCaysville, Georgia. Said foundation is to be funded by the donation of one percent of the gross annual income of Cardinal to the foundation. The framework of the foundation to be mutually determined by the then City Council for the City of McCaysville, Georgia and the then Board of Directors for Cardinal.

. . .

8. Cardinal agrees that in the event that it files a Petition in bankruptcy, the title to the property set forth on Attachment A shall immediately revert to the City. . . .

CR paid the City $125,000 by June 1997, as the contract required, but has not paid anything further. In its responses to the City's discovery requests, CR contends that it has earned no profits, being in "research and development mode," and therefore its obligation to pay one percent of its profits has not accrued. The company has produced copies of its federal income tax returns and bank statements, and asserts that all deposits to its accounts have been loans, not income.

1. A suit alleging fraudulent inducement in the purchase of property is an action for injury to property, a claim for which must be brought within four years after the right of action accrues. *Kerce v.*

*Bent Tree Corp.*, 166 Ga. App. 728, 729 (305 SE2d 462) (1983); OCGA § 9-3-31. The City contends that the statute was tolled by fraud pursuant to OCGA § 9-3-96.

> It is well to remember that the fraud in question is not that which gives, but that which conceals a cause of action. To constitute concealment of a cause of action so as to prevent the running of limitations, some trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied on must be of an affirmative character and fraudulent.

(Citations and punctuation omitted.) Id. at 729; accord *Forsyth v. Jim Walter Homes, Inc.*, 177 Ga. App. 353, 356 (2) (339 SE2d 350) (1985) (physical precedent only).

The City has presented no evidence that CR employed some trick or artifice that prevented it from investigating the company's profitability or business plans when the parties entered into the contract. That the company did not immediately provide the City with its business records in 1998 does not constitute evidence of fraud that would toll the running of the statute that began when the parties entered into the contract. Therefore the trial court did not err in granting CR's motion for summary judgment on the City's counterclaim.

2. Based on the foregoing, the City's remaining enumeration of error is moot.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED OCTOBER 30, 2003 —

*Stewart, Melvin & Frost, J. Douglas Stewart, William H. Blalock, Jr., Doss & Doss, Sherri Dillard-Doss*, for appellant.

*Little & Drost, Bryan C. Drost, Lee W. Shafer, Ann M. Vaughan, David E. Ralston*, for appellee.