## A07A2158. BENSON v. McNUTT et al.

(657 SE2d 639)

RUFFIN, Judge.

Charles McNutt, Jr., and Lynda McAfee, as administrators of the estate of Charles McNutt, Sr. (collectively, the "plaintiffs"), filed suit against Jane Benson, seeking to recoup funds Benson allegedly misappropriated from McNutt, Sr. Benson moved to have the plaintiffs' attorney disqualified, and the trial court denied the motion. The case proceeded to trial, and a jury found in favor of the plaintiffs. In her sole enumeration of error on appeal, Benson contends that the trial court abused its discretion in denying her motion to have the plaintiffs' attorney disqualified. For reasons that follow, we affirm.

" 'The ultimate determination of whether an attorney should be disqualified from representing a client in a judicial proceeding rests in the sound discretion of the trial judge.' "[1] Under Georgia law, "[a] lawyer is required to decline successive representation, i.e., representing a party in a matter adverse to a former client, where the second matter is 'substantially related' to the lawyer's representation of the former client."[2] "Substantially related" connotes that the former case in which the lawyer was involved has both material and logical connections with the pending litigation.[3] "The party seeking disqualification bears the burden of establishing the existence of such a substantial relationship."[4]

To sustain her burden of establishing the substantial relationship between prior matters and the pending suit, Benson tendered an affidavit in which she attested that the plaintiff's lawyer, J. C. Maddox, worked in the same law firm as David Smith and that:

(a) David Smith probated [her] father's will which resulted in the transfer of land to [her] and [she] consulted with Mr. Maddox about this matter.

(b) David Smith represented [her] in two workers' compensation cases . . . while a partner/associate with Mr. Maddox.

(c) [She] consulted with David Smith about criminal matters while he was a partner/associate with Mr. Maddox.

---

[1] *Kent v. Peters*, 211 Ga. App. 698, 699 (2) (440 SE2d 87) (1994).

[2] *Humphrey v. State*, 244 Ga. App. 808, 810-811 (2) (537 SE2d 95) (2000).

[3] See *Duvall v. Bledsoe*, 274 Ga. App. 256, 259 (617 SE2d 601) (2005).

[4] Id. at 258.

(d) Mr. Maddox has been [her] family's attorney for years and [she] would have retained him for representation in this matter had he not sued [her] on behalf of [the plaintiffs].

(e) David Smith did [her] will while a partner/associate with Mr. Maddox.

Maddox, on the other hand, stated that he had not represented Benson and that he had no knowledge of any work Smith might have done for her.

Based on the paucity of information in Benson's affidavit, we cannot say that the trial court abused its discretion in declining to disqualify Maddox.[5] The right to counsel of one's own choosing is an important right that should not be lightly curtailed.[6] In determining whether counsel should be disqualified, courts must look to the facts of the case and balance the need to ensure ethical conduct on the part of the attorney against the litigant's right to freely chosen counsel.[7] Here, the only information provided to the judge for purposes of undertaking this balancing test was that Maddox had probated Benson's father's will, and that an associate at the firm had represented her with respect to workers' compensation, criminal, and trusts and estate matters. Benson failed to include when any of this prior representation occurred relative to the pending case or to specify information that counsel may have received.

The crux of Benson's argument appears to be that the other lawyer's general familiarity with her assets — presumably by virtue of the trusts and estate work — was related to the present lawsuit, which charged her with misappropriating McNutt, Sr.'s assets. "However, the mere fact that an attorney has general financial information about a former client does not *necessarily* warrant disqualification."[8] Benson was still required to show a substantial relationship between the attorney's knowledge of her assets and the pending suit, which she has failed to do.[9] Moreover, the extent of Benson's assets would have been subject to discovery. Under these circumstances, the trial court did not abuse its discretion in denying Benson's motion to disqualify the plaintiffs' lawyer.[10]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

---

[5] See *Weems v. State*, 268 Ga. 515, 516 (3) (491 SE2d 325) (1997); *Duvall*, supra.

[6] See *Duvall*, supra at 258.

[7] See id.

[8] (Emphasis supplied.) Id. at 259.

[9] See id. at 258.

[10] See id.

DECIDED FEBRUARY 11, 2008.

*Todd M. Johnson,* for appellant.
*Chance & Maddox, J. C. Maddox,* for appellees.