## S09A1413. CARDINAL ROBOTICS, INC. v. MOODY.

(694 SE2d 346)

HINES, Justice.

This is an appeal from orders issued in relation to an action to partition real property in Fannin County. The challenge made is to the refusal to disqualify counsel and its alleged effect on the propriety of the trial court's entry of other rulings. For the reasons that follow, we affirm.

The present action for the partition of real property followed other litigation involving claims brought by Cardinal Robotics, Inc. ("CR") against multiple defendants to quiet title and for encroachment and trespass regarding the real property. Following the affirmance of the grant of summary judgment to CR on a counterclaim lodged against it, the action was returned to the trial court. See *City of McCaysville v. Cardinal Robotics,* 263 Ga. App. 847 (589 SE2d 614) (2003).

In order to understand what transpired upon the return of the quiet title case to the trial court, it is necessary to identify the

individuals involved. James McDaniel ("McDaniel"), Jimmy McDaniel ("Jimmy McDaniel"), and Forry Laucks ("Laucks") were officers of CR. Leonard Moody ("L. Moody"), now deceased, was a friend and investor in CR and had made substantial loans to the company. Both Larry Anderson and Douglas Flint were attorneys with the firm Flint & Connolly. The record contains evidence of the following. On or about September 29 and 30, 2006, McDaniel, Laucks, Jimmy McDaniel, and L. Moody met at the law offices of Flint & Connolly. The purpose of the meeting was to obtain representation for CR at a proceeding in the quiet title action scheduled for three days later on October 2, 2006. L. Moody and Flint & Connolly had a long association and the firm agreed to work all weekend on the case, enter an appearance, and sign McDaniel's pro se pleadings in the case. Flint & Connolly understood that CR was going to execute a quitclaim deed to L. Moody for approximately one-half of the property in question in exchange for L. Moody paying Flint & Connolly's legal fees for the quiet title action. Were it not for the relationship with L. Moody, Flint & Connolly would not have taken on the case; also it knew that CR was transferring power of attorney to L. Moody for control of the litigation. The firm entered its appearance in the quiet title action at the request and direction of L. Moody. CR never paid any money to Flint & Connolly; all attorney fees were paid by L. Moody. The case files, from a prior attorney, were delivered to Flint & Connolly. Over the weekend, Flint & Connolly communicated with the opposing parties in the litigation in order to effectuate a settlement. Ultimately, the action was dismissed without prejudice.

Thereafter, L. Moody wished to exercise his ownership rights under the quitclaim deed and have the property partitioned and sold. Represented by attorneys Flint and Anderson of Flint & Connolly, on May 24, 2007, L. Moody filed the present complaint against CR for partition and sale of the property. During the course of this litigation, on October 29, 2007, L. Moody passed away, and David Moody, as executor of L. Moody's estate ("Moody") was substituted as plaintiff in the action. CR was initially unrepresented by counsel and the case went into default. On August 6, 2007, L. Moody had filed a motion for default judgment against CR. On May 13, 2008, the trial court entered an order, inter alia, granting the motion for default judgment. On May 23, 2008, CR, now represented by counsel, moved to open and set aside the default judgment pursuant to OCGA § 9-11-55 (b).[1] On that same day, CR also filed a "combined motion" seeking to open and set aside the default judgment and to disqualify Flint and

[1] OCGA § 9-11-55 (b) provides:
At any time before final judgment, the court, in its discretion, upon payment of

Anderson and the firm Flint & Connolly.[2] The superior court denied the motion to open and set aside the default judgment on September 2, 2008, after expressly finding from the evidence and proffered answer that there was no providential cause or excusable neglect, as provided in OCGA § 9-11-55 (b), which prevented CR from filing a timely answer in the case; in the order, the trial court also stated that it had found no basis to disqualify the Flint & Connolly attorneys or a proper case for setting aside the default judgment.

CR filed a notice of appeal to the Court of Appeals, and the appeal was dismissed as procedurally infirm on January 9, 2009. On January 15, 2009, the trial court issued a written order denying the motion to disqualify Flint & Connolly. In that order, the court found: Flint & Connolly represented CR for a period of three days; the representation included appearing in superior court in the one case which was dismissed on October 2, 2006; the firm acted as counsel for CR in such case at the direction of L. Moody, who had been given control of the litigation by CR; L. Moody filed the present complaint for partition with the firm acting as his counsel; on or about September 30, 2006, CR had delivered by quitclaim deed a 50.1% interest in the real property to L. Moody, and Flint & Connolly were not involved in the execution of that deed; on or about March 13, 2007, during the time of dialogue between CR's principals and Attorney Anderson, Flint & Connolly no longer represented CR; the earlier case and the present partition action are not similar cases causing a conflict for Flint & Connolly; and there were no representations made by Flint & Connolly to CR about the land involved in this litigation. On February 26, 2009, the trial court issued an order directing that the property be sold. CR filed an application for discretionary appeal, seeking to appeal both the order of sale and the order of disqualification. This Court granted the application pursuant to OCGA § 5-6-35 (j).[3] See *Lassiter Properties v. Gresham*, 258

costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial.

[2] On July 18, 2008, CR moved to disqualify another of Moody's attorneys, not part of Flint & Connolly, and that attorney's law firm, and the superior court granted the requested disqualification. In that instance, McDaniel averred in affidavit, inter alia, that he had discussed in some detail with the attorney the partition action and the default, and CR's defenses and positions with regard to the action and had attempted to retain the attorney to represent CR in opening the default.

[3] OCGA § 5-6-35 (j) states:
When an appeal in a case enumerated in subsection (a) of Code Section 5-6-34, but not in subsection (a) of this Code section, is initiated by filing an otherwise

Ga. 500 (371 SE2d 650) (1988).

CR contends that the superior court erred in denying its motion to disqualify Flint & Connolly from representing Moody, and thereby, erred by proceeding to hear and decide the motion to open default and entering the consequent order for the sale of the subject property. Thus, CR's entire premise is that the alleged error in the trial court's refusal to disqualify the Flint & Connolly lawyers either prevented the court from ruling on the attempted opening of the default and the resulting sale of the property or rendered such orders void ab initio.

Initially, pretermitting the question of the dispositive nature of the disqualification issue, CR has made no showing that the trial court was substantively in error in rejecting CR's attempt to open the default under the "providential cause" or "excusable neglect" provisions of OCGA § 9-11-55 (b). As noted, in this case, the trial court heard all of the evidence and determined that none of the grounds under OCGA § 9-11-55 were met, including that of a "proper case" being made for opening the default. While the "proper case" ground is broader than the others, it does not give a trial court the authority to open a default for any reason whatsoever. *In the Matter of Turk*, 267 Ga. 30, 31 (1) (471 SE2d 842) (1996). Insofar, as the "proper case" ground implicates the disqualification issue, CR falls short in its showing in this regard as well.

As the party seeking disqualification, CR had the burden to demonstrate to the superior court that disqualification was warranted, and it had to do so by showing that the matters embraced within the pending suit are substantially related to the matters or the cause of action involved in the previous representation. *Outdoor Advertising Assn. of Ga., Inc. v. Garden Club of Ga., Inc.*, 272 Ga. 146, 150 (2) (a) (527 SE2d 856) (2000); *Dismuke v. C & S Trust Co.*, 261 Ga. 525, 527 (3) (407 SE2d 739) (1991). To be "substantially related" for the purpose of assessing the need for disqualification means that the former case in which the lawyer was involved has both *material* as well as logical connections to the pending litigation, and as noted, the party seeking the disqualification must establish the existence of such a substantial relationship. *Benson v. McNutt*, 289 Ga. App. 565 (657 SE2d 639) (2008); *Duvall v. Bledsoe*, 274 Ga. App. 256, 258 (617 SE2d 601) (2005). Here, the superior court found that CR failed to make this required showing, i.e., that there were material and logical connections between the prior action in which

timely application for permission to appeal pursuant to subsection (b) of this Code section without also filing a timely notice of appeal, the appellate court shall have jurisdiction to decide the case and shall grant the application. Thereafter the appeal shall proceed as provided in subsection (g) of this Code section.

CR sued the City of McCaysville and others regarding its title to the real property and the present suit against CR for partition of the property. Indeed, the partition suit has as its ultimate purpose the sale of the subject property, for which the plaintiff holds a 50.1% undivided fee simple interest by virtue of the quitclaim deed executed in favor of L. Moody by CR on September 30, 2006.[4] On appeal, CR does not set forth any specific fact or assert any special knowledge that the Flint & Connolly attorneys might have gleaned from their brief participation in the prior action which would have been material to the present suit, or in any manner, have gained advantage for the plaintiff Moody or worked a disadvantage to CR. See *Duvall v. Bledsoe*, supra at 259. In fact, CR's assertion regarding disqualification being required is that "per force the two cases are substantially related" because "in the present case Flint & Connolly would evict [CR] from the property [CR] was trying to protect in the underlying case and would press advantages it secured for Moody in the course of undertaking to represent [CR]." While Moody may now seek to partition the property, there is no showing by CR of a material connection to the former action in which L. Moody was attempting to assist CR in its claims and causes of action against others. CR's bare assertion of a substantial relationship between the lawsuits is insufficient to sustain its burden. Id.

This Court's review of a trial court's ruling on a motion to disqualify is subject to an abuse of discretion standard. *Outdoor Advertising Assn. of Ga., Inc. v. Garden Club of Ga., Inc.*, supra at 151 (2) (c). Such a standard is appropriate because both the trial court and the appellate court must be mindful that the client's right to counsel of choice is an important interest which requires that any curtailment of it be approached with great caution. Id.; *Blumenfeld v. Borenstein*, 247 Ga. 406, 408 (276 SE2d 607) (1981). Simply, CR has failed to show an abuse of discretion in the trial court's refusal to disqualify the attorneys and law firm in question, nor has it provided any other basis to nullify the trial court's rulings regarding the default judgment and the sale of the property.

*Judgments affirmed. All the Justices concur.*

CARLEY, Presiding Justice, concurring.
Although I concur fully in the majority opinion, I write sepa-

---

[4] In its proffered answer filed along with its motion to open and set aside the default judgment, CR alleged, inter alia, that the quitclaim deed granted to L. Moody was obtained as the result of fraud, deceit, and duress on the part of L. Moody and his agents; such allegation challenging L. Moody's rightful ownership of the property implicates the Flint & Connolly attorneys as well; however, CR has failed to point to any evidence of record which substantiates such claims.

rately in order to explain briefly why the trial court correctly considered the motion to "open" and "set aside" the "default judgment" pursuant to the standards set forth in OCGA § 9-11-55 (b) for opening a default, rather than those contained in OCGA § 9-11-60 (d) for setting aside a judgment. Section 55 (b) applies "[a]t any time before final judgment . . . ." The trial court's order granting the motion for "default judgment," among other things, contemplated the future selection of an auction company and stated that "[a]ny sale of real estate realized as a result of an auction shall be subject to the review of the Court and shall not be final until such sale is confirmed by the Court." Despite the trial court's use of the language "default judgment," that order clearly did not dispose of the entire controversy and, thus, did not constitute a final judgment as contemplated by § 55 (b). *Griffin v. Rutland*, 259 Ga. App. 846, 847-848 (2) (578 SE2d 540) (2003); *Rapid Taxi Co. v. Broughton*, 244 Ga. App. 427, 428 (1) (535 SE2d 780) (2000); *Cryomedics v. Smith*, 180 Ga. App. 336 (349 SE2d 223) (1986). Compare *Lassiter Properties v. Gresham*, 258 Ga. 500, 501 (1) (371 SE2d 650) (1988).

DECIDED MARCH 22, 2010 —
RECONSIDERATION DENIED APRIL 9, 2010.

*Christopher J. McFadden*, for appellant.
*Flint, Connolly & Walker, Douglas H. Flint, Lawrence O. C. Anderson*, for appellee.