**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE:** Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 16, 2016**

# In the Court of Appeals of Georgia

A16A0304. KEMP v. GREEN, et al.

RAY, Judge.

Pamela Elaine Kemp filed this interlocutory appeal following a trial court order disqualifying her attorney. The trial court disqualified Gary Bunch and his law firm, Gary Bunch, P. C. (collectively "Bunch"), from representing Kemp in a tortious interference action against attorneys Henry D. Green, Jr., David A. Sapp, and their law firm, Green & Sapp, LLP (collectively, "Green & Sapp"). Kemp argues, inter alia, that the trial court erred in failing to hold an evidentiary hearing and in finding that Bunch was an essential witness. She also argues that the testimony sought from Bunch is shielded by attorney-client privilege and the attorney work-product doctrine. As discussed more fully below, because we believe that a decision whether to

disqualify counsel is premature, we vacate the trial court's order and remand the case for further proceedings consistent with this opinion.

We review a trial court's decision on a motion to disqualify counsel for an abuse of discretion. *Cardinal Robotics, Inc. v. Moody*, 287 Ga. 18, 22 (694 SE2d 346) (2010).

> Such a standard is appropriate because the trial court and the appellate court must be mindful that the client's right to counsel of choice is an important interest which requires that any curtailment of it be approached with great caution.

Id.

This is Kemp's second appearance before this Court. Both of Kemp's appellate court cases spring from her underlying medical malpractice suit against WellStar Health Systems following the death of her husband. In her first case before this Court, *Wellstar Health Systems, Inc. v. Kemp*, 324 Ga. App. 629 (751 SE2d 445) (2013), we upheld the trial court's decision to disqualify Wellstar's attorney, Sapp, as well as his partner, Green, and their law firm. Id. at 633-637 (1) (b). The trial court disqualified the lawyers after determining that they intentionally interfered with Kemp's medical expert witness, Dr. William Stinnette, by contacting the general counsel for his employer, Northside Hospital, such that Stinnette felt pressured to withdraw as an

2

expert. See id. at 629-632. Following our appellate decision in *Wellstar*, supra, Kemp sued Green & Sapp for tortious interference.

In the instant appeal, Green & Sapp moved to disqualify Kemp's lawyer and law firm from the instant tortious interference suit filed against them. Bunch had represented Kemp in all of the aforementioned permutations of this litigation, and Green & Sapp argued that he should be disqualified because he was a material witness regarding Stinnette's withdrawal and its impact on Kemp. The trial court agreed, and this appeal followed.

As an initial matter, it is unclear whether Kemp has a valid tortious interference claim. Financial injury is an essential element of a tortious interference claim. *Cochran v. Mullinax*, 276 Ga. App. 81, 86-87 (3) (622 SE2d 455) (2005). Kemp, however, admitted in response to Green & Sapp's first request for admissions that she "is making no claim . . . for any alleged diminution in the value of her medical malpractice claims[.]" She also unequivocally states in her appellate brief that she is not asserting a claim for intentional infliction of emotional distress, despite the fact that her complaint alleges that the tortious interference had a "devastating impact" on her and caused her to "suffer much anguish[.]" While we may doubt the validity of Kemp's claims, we cannot at this early juncture say that Bunch's disqualification is

3

wrong if, in fact, Kemp has a valid claim. A determination on the validity of her claim is therefore essential prior to any decision about disqualification.

Further, if Kemp has a valid claim, a decision on counsel's disqualification may be premature because the same information sought from Bunch may possibly be obtained from Kemp. Alternatively, if Kemp asserts her right of attorney-client privilege or attorney work-product protection, there is a possibility that this information may be available from Stinnette or other sources. See *Clough v. Richelo*, 274 Ga. App. 129, 132-133 (1) (616 SE2d 888) (2005); *Martinez v. Housing Auth. of DeKalb County*, 264 Ga. App. 282, 288 (5) (590 SE2d 245) (2003). Also, as Kemp argues in her brief, because of his history with her medical malpractice case, Bunch may indeed be the best person to represent her in her tortious interference action, if there is a valid claim of such, and Kemp's right to the counsel of her choice is an important one. *Martinez*, supra. These issues, however, are unripe prior to a determination on the validity of Kemp's claim.

Kemp also argues that she should have been given an evidentiary hearing. See *Befekadu v. Addis Intl. Money Transfer, LLC*, 332 Ga. App. 103, 108 (1) (c) (772 SE2d 785) (2015) (although an evidentiary hearing is not required prior to counsel's disqualification, it is appropriate in some instances to allow parties to submit

evidence in support of their positions). Here, the trial court held a hearing prior to counsel's disqualification, but on remand, prudence might dictate that an evidentiary hearing be held to address the precursor issues set forth above. Accordingly, we vacate the trial court's order and remand the case for further proceedings consistent with this opinion.

*Judgment vacated and case remanded. Andrews, P. J., concurs* and *Doyle, C.J., concurs in the judgment only.*