**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 27, 2017**

# In the Court of Appeals of Georgia

A16A1994. KAMARA v. HENSON et al.

MILLER, Presiding Judge.

Joyce Kamara sued Podiatric Surgeon Mark Henson, along with his practice, The Outpatient Center for Foot Surgery, Inc., and his corporation, Mark J. Henson, DPM, P. C. (collectively "Defendants"), alleging that Defendants were responsible for negligently performing surgical procedures on Kamara's feet in 2011. Defendants moved for summary judgment on the sole ground of judicial estoppel, contending that Kamara's claims were barred because she failed to list them as an asset in her Chapter 7 Bankruptcy Petition in 2012. Kamara then filed a motion to disqualify Defendants' lead attorney and his firm (collectively "Defense Counsel"), on the ground that

Defense Counsel had represented Kamara's Expert in previous medical malpractice cases more than 20 years ago.[1]

The trial court granted Defendants' motion for summary judgment, and denied Kamara's motion to disqualify Defense Counsel. After a thorough review of the record, we reverse the grant of summary judgment to Defendants because Kamara is not judicially estopped from bringing her claims against Defendants. We affirm the trial court's denial of Kamara's motion to disqualify Defense Counsel, however, because the trial court did not abuse its discretion in denying the motion in the absence of an actual conflict of interest or actual impropriety.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a [grant or] denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations and footnote omitted.) *GEICO Gen. Ins. Co. v. Wright*, 299 Ga. App. 280, 281 (682 SE2d 369) (2009).

---

[1] Kamara's motion also sought, in the alternative, to strike Defendants' answers and stay discovery.

So viewed, the limited record before us shows that Kamara first sought treatment from Dr. Henson in April 2010, and Dr. Henson performed surgeries on Kamara's feet on February 23, 2011 and March 9, 2011. Several months later, in November 2011, Kamara consulted another podiatrist for a second opinion, and shortly thereafter, she retained counsel.

In March 2012, Kamara filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Northern District of Georgia. Kamara listed an unrelated $10,000 personal injury claim in her schedule of personal property, but she did not list her claims against Defendants. In August 2012, Kamara obtained an expert affidavit from Podiatric Surgeon Mel J. Colon ("Kamara's Expert"), and she filed the instant medical malpractice and negligence suit against Defendants in January 2013. After Defendants filed their motion for summary judgment on the sole ground of judicial estoppel, but before entry of the trial court's summary judgment order, Kamara amended her bankruptcy petition to include her claims against Defendants.[2]

---

[2] The appellate record contains a copy of Kamara's amended asset schedules, and the parties conceded at oral argument that Kamara successfully amended her bankruptcy petition to list her claims against the Defendants.

3

1. Kamara contends that the trial court erred in granting summary judgment to the Defendants on the ground of judicial estoppel because she successfully amended her bankruptcy petition to include her claims. We agree.

> The essential function and justification of judicial estoppel is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice. The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary. The doctrine is directed against those who would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings and is designed to prevent parties from making a mockery of justice through inconsistent pleadings.

(Citations and punctuation omitted.) *Johnson v. Trust Co. Bank*, 223 Ga. App. 650, 651 (478 SE2d 629) (1996). Under Georgia law, "a debtor filing for bankruptcy under Chapter 7 . . . may voluntarily amend the schedule [of assets] to avoid consequences such as judicial estoppel." *Benton v. Benton*, 280 Ga. 468, 469 (629 SE2d 204) (2006).

Where a plaintiff, who initially fails to list a claim in her bankruptcy petition, successfully amends her asset schedules to include that claim, "it cannot be said as a matter of law that [the] plaintiff intentionally attempted to manipulate and deceive

4

the court system, or that [she] was attempting to make a mockery of the system through inconsistent pleading." *Johnson*, supra, 223 Ga. App. at 651. Moreover, where the plaintiff amends her bankruptcy asset schedules, this Court cannot say that the plaintiff's present position is inconsistent with one that she successfully asserted in a prior proceeding. Id. at 652.

Here, the record shows, and the Defendants conceded during oral argument, that Kamara successfully amended her bankruptcy asset schedules, while her bankruptcy case was still open, to list her claims against the Defendants. Accordingly, Kamara is not attempting to manipulate the court system or take an inconsistent position and, therefore, judicial estoppel does not bar recovery on her claims. *Johnson*, supra, 223 Ga. App. at 651-652; *Smalls v. Walker*, 243 Ga. App. 453, 456 (2) (532 SE2d 420) (2000).[3] Consequently, we reverse the trial court's order granting summary judgment to the Defendants and remand this case for proceedings consistent with this opinion.

2. Kamara also contends that the trial court erred in denying her motion to disqualify Defense Counsel due to an irreconcilable conflict of interest. We disagree.

---

[3] Compare *Southmark Corp. v. Trotter, Smith & Jacobs*, 212 Ga. App. 454 (442 SE2d 265) (1994) (judicial estoppel barred plaintiff's claims where plaintiff failed to disclose its claims in its amended schedules).

We review a trial court's decision on a motion to disqualify counsel for an abuse of discretion, and we "must be mindful that the client's right to counsel of choice is an important interest which requires that any curtailment of it be approached with great caution." (Citations omitted.) *Cardinal Robotics, Inc. v. Moody*, 287 Ga. 18, 22 (694 SE2d 346) (2010). Accordingly, we look to the facts "peculiar to [this] case in balancing the need to ensure ethical conduct on the part of the lawyers and other social interests, which include the litigant's right to freely chosen counsel." (Citations and punctuation omitted.) *Duvall v. Bledsoe*, 274 Ga. App. 256, 258 (617 SE2d 601) (2005). Moreover, we are mindful that disqualification of chosen counsel is an extraordinary remedy and should be granted sparingly. *Bernocchi v. Forucci*, 279 Ga. 460, 463 (2) (614 SE2d 775) (2005).

> As the party seeking disqualification, [Kamara] had the burden to demonstrate to the [trial] court that disqualification was warranted, and [she] had to do so by showing that the matters embraced within the pending suit are *substantially related* to the matters or the cause of action involved in the previous representation. To be substantially related for the purpose of assessing the need for disqualification means that the former case in which the lawyer was involved *has both material as well as logical connections to the pending litigation*, and as noted, the party seeking the disqualification must establish the existence of such a substantial relationship.

6

(Citations and punctuation omitted, emphasis supplied). *Cardinal Robotics*, supra, 287 Ga. at 21.

Here, it is undisputed that Defense Counsel's representation of Kamara's Expert occurred 20 to 25 years ago and involved a witness, rather than a party to the present action.[4] Moreover, this is not a situation involving representation of a client against a former client "in an action that is of the same general subject matter, and grows out of an event that occurred during the time of such representation[.]" (Punctuation omitted.) *Crawford W. Long Mem. Hosp. of Emory Univ. v. Yerby*, 258 Ga. 720, 722 (3) (373 SE2d 749) (1988). Nor is this a case involving a party's insistence on the counsel of an attorney who has a previous or ongoing relationship with an opposing party. See *Wheat v. United States*, 486 U.S. 153, 159 (II) (108 SC 1692, 100 LE2d 140) (1988). Consequently, there is no evidence of harm and therefore no actual impropriety. See *Outdoor Advertising Assn. of Ga. v. Garden Club of Ga.*, 272 Ga. 146, 151 (2) (c) (527 SE2d 856) (2000) (Former Attorney General not

---

[4] Defense Counsel's files relating to the representation of Kamara's Expert were destroyed more than 13 years ago; Defense Counsel retained no files or other information concerning the facts or details of any of the cases involved in that representation; and Defense Counsel has no memory of the allegations made against Kamara's Expert in any of the cases, the defense to those allegations, or the outcome of those cases.

7

disqualified under *Yerby*, supra, where action arose from event – new legislation – that occurred after Attorney General left office); *Nat. Media Svcs. v. Thorp*, 207 Ga. App. 70, 71 (1) (427 SE2d 61) (1993) (attorney not disqualified where instant action was neither substantially related to former representation, nor related to same general subject matter of the former representation).

Kamara argues that Defense Counsel can use confidential information to attack her expert's credibility for impeachment purposes. This argument amounts to no more than a *bare assertion* that Defense Counsel's decades-old representation of Kamara's Expert is substantially related to the present case, because Defense Counsel has no memory regarding his representation of Kamara's Expert and Defense Counsel retained no files or other information concerning the facts or details of that representation. This Court has held that a "litigant's bare assertion of a substantial relationship between the lawsuits is insufficient to sustain its burden." (Citation omitted.) *Cardinal Robotics, supra,* 287 Ga. App. at 22; *Duvall*, supra, 274 Ga. App. at 260 (same). Here, there is no material and logical connection between Defense Counsel's decades-old representation of Kamara's Expert and Kamara's present action against Defendants. See *Cardinal Robotics*, supra, 287 Ga. at 21-22. Consequently, Kamara has not met her burden of establishing a substantial

8

relationship between the present case and previous representation of Kamara's Expert.

Although Kamara relies on the Georgia Rules of Professional Conduct to support her position, in the absence of evidence to the contrary, this Court will presume that our State Bar members have properly complied with the Bar's disciplinary rules and ethical directives. *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 189 Ga. App. 573, 575 (1) (377 SE2d 15) (1988). Moreover, for Kamara to have standing to move to disqualify Defense Counsel on the basis of a conflict of interest under the Rules of Professional Conduct, "there must be a violation of the rules which is sufficiently severe to call in question the fair and efficient administration of justice, and [Kamara's] counsel must provide substantiation." (Citations omitted.) *Bernocchi*, supra, 279 Ga. at 463 (2). Kamara has failed to meet this standard.

Kamara specifically argues that Defense Counsel should have been disqualified under Model Rule 1.9 (a), which states that "[a] lawyer who has *formerly represented a client* in a matter shall not thereafter represent another person in the *same or substantially related matter* in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent,

9

confirmed in writing." (Emphasis supplied). Ga. Rules of Professional Conduct, Rule 1.9 (a).

Contrary to Kamara's argument, Defense Counsel's representation of Defendants in this case does not violate Rule 1.9. There is no substantial relationship between this case and Defense Counsel's decades-old representation of Kamara's Expert. Moreover, we note that Defense Counsel disclosed to Defendants the prior representation of Kamara's Expert, as well as Defense Counsel's duty of confidentiality to Kamara's Expert, and Defense Counsel informed Defendants that Defense Counsel is precluded from using any confidential information obtained from Kamara's Expert in the present suit. Absent an actual conflict of interest or actual impropriety, we cannot say that the trial court abused its discretion in denying Kamara's motion to disqualify Defense Counsel.[5] See *Blumenfeld v. Borenstein*, 247 Ga. 406, 409-410 (276 SE2d 607) (1981) (mere appearance of impropriety is an insufficient ground for disqualification). Consequently, we affirm the trial court's judgment in this regard.

[5] We also reject Kamara's argument regarding an attorney's duty of confidentiality under Model Rules 1.6 (Confidentiality of Information), 1.7 (Conflict of Interest), and 1.8 (Prohibited Transactions). As set forth above, Kamara is neither a current, nor a former client of Defense Counsel, and there is no actual impropriety or conflict of interest in this case.

In sum, we affirm the denial of Kamara's motion to disqualify Defense Counsel, because there is no actual conflict of interest or actual impropriety. We reverse the grant of summary judgment to the Defendants on the limited ground of judicial estoppel, because Kamara successfully amended her bankruptcy petition and, therefore, is not judicially estopped from bringing her claims against Defendants. Finally, we remand this case for proceedings consistent with this opinion.

*Judgment affirmed in part and reversed in part, and case remanded. McFadden and McMillian, JJ., concur.*