## S01A1180. MAYES v. THE STATE.
### (553 SE2d 621)

BENHAM, Justice.

Christopher Bernard Mayes was convicted of malice murder and possession of a firearm during the commission of a crime.[1] Two witnesses testified that when they and Christopher Jester, the victim, arrived at a restaurant, Mayes and a companion were standing in the parking lot. Mayes's companion began an argument with one of the witnesses. When Jester interposed, seeking to end the argument, Mayes produced a pistol and shot Jester once in the chest. Mayes and the other man fled, but one of them fired another shot which hit the van in which Jester had arrived. Police officers responding to a 911 call apprehended both men. A pistol recovered nearby was determined to be the weapon from which the fatal shot was fired. Mayes did not testify at trial, but claimed in a statement to police that the one shot he fired did not hit Jester. Other defense evidence indicated that Mayes's companion took the weapon from him and fired it, and had bloodstains on his shirt.

Mayes's only enumerations of error are that the evidence was insufficient to authorize his convictions and that the trial court erred in denying his motion for directed verdict. The appellate standard for both those issues is the "sufficiency of the evidence" test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), i.e., whether the evidence adduced at trial was sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Moore v. State*, 273 Ga. 11 (1) (537 SE2d 334) (2000). The testimony of two eyewitnesses that Mayes used a firearm to shoot the victim to death was sufficient to meet that standard. *DeLoach v. State*, 272 Ga. 890 (1) (536 SE2d 153) (2000).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 2001.

*C. Arthur Moss*, for appellant.
*William T. McBroom III*, District Attorney, *Daniel A. Hiatt*,

---

[1] The shooting occurred on December 7, 1996, and Mayes was arrested on that date. In an indictment returned on February 4, 1997, Mayes was charged with malice murder, felony murder (aggravated assault), and possession of a firearm during the commission of a crime. A jury trial conducted on October 27-28, 1997, concluded with Mayes being convicted of malice murder and possession of a firearm during the commission of a crime. He was sentenced to life imprisonment for the murder conviction and to five years imprisonment for possession of a firearm during the commission of a crime, to be served consecutively to the sentence for murder. Mayes's motion for new trial, filed November 26, 1997, was denied on March 22, 2001. Mayes filed a notice of appeal on April 18, 2001, and the appeal was docketed in this Court on May 9, 2001, and was submitted for decision on the briefs.

*Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant District Attorney,* for appellee.