A03A1659. BRYANT v. THE STATE.
(593 SE2d 705)

MIKELL, Judge.

Ernest Bryant appeals the trial court's two-sentence order denying his motion to dismiss his indictment based on the alleged violation of his constitutional right to a speedy trial. We vacate and remand for the entry of an order applying the analysis contained in *Barker v. Wingo.*[1]

---

The record shows that Bryant was arrested in Fulton County on September 21, 1993, and indicted on February 18, 1994, for trafficking in cocaine, possession of cocaine with intent to distribute, and possession of marijuana with intent to distribute. Bryant apparently was released on bond on October 5, 1993. He waived arraignment on March 31, 1994, and his case was scheduled for trial on June 21, 1994. On June 16, Bryant returned the notice of the trial date, as well as other notices, to the trial court stamped "REFUSED FOR CAUSE WITHOUT DISHONOR U.C.C. 3-501." On June 20, 1994, the trial court granted defense counsel a leave of absence through July 15, 1994. The case was then placed on the August 16 trial calendar. Bryant failed to appear, and a bench warrant was issued for his arrest. Bryant's attorney withdrew on September 8, 1994.

The trial court forfeited Bryant's bond on December 1, 1994. On December 3, Bryant was arrested in DeKalb County for trafficking in cocaine, possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, and driving without a license. On December 15, 1994, a Fulton County judge set aside the bond forfeiture order due to Bryant's incarceration in DeKalb County.

On September 25, 1995, the state filed notice of its intent to use the DeKalb County indictment as similar transaction evidence. Although Bryant was incarcerated, the notice was sent to Bryant's home address. The case never appeared on a calendar thereafter. On November 2, 1998, and January 19, 1999, Bryant wrote letters to the Clerk of the Superior Court of Fulton County seeking documents relevant to his case and a copy of the criminal docket. The chief deputy clerk forwarded the documents on April 5, 1999.

The case was placed on the dead docket on December 12, 2000. On September 25, 2002, Bryant filed a pro se motion to dismiss for violation of his constitutional right to a speedy trial. A hearing was held on December 9, 2002. The prosecutor's sole reason for failing to schedule the case for trial was that no attorney in her office was aware that Bryant was incarcerated. The court summarily denied the motion to dismiss and set the case down for trial on February 28, 2003. This appeal followed.

When presented with a motion and evidence on the issue of whether a defendant's constitutional right to a speedy trial has been denied, the trial court must balance four factors: (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) prejudice to the defendant.[2] "These factors have no talismanic qualities; courts must still engage in a difficult and sensitive

---

[2] Id.

balancing process."[3] On appeal, we review the denial of a defendant's constitutional speedy trial claim for abuse of discretion.[4] In other circumstances, a summary order entered by a trial court generally is sufficient to enable the appellate court to determine whether the broad discretion vested in the trial court has been abused. However, in a case implicating the defendant's right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and applicable to the states by the Due Process Clause of the Fourteenth Amendment, it is essential for the trial court to enter findings of fact and conclusions of law consistent with the *Barker v. Wingo* factors outlined herein.[5] Accordingly, the trial court's order is vacated and the case is remanded for the entry of an appropriate order.

*Judgment vacated and case remanded. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 20, 2004.

*Amy C. Burns, Steven E. Phillips,* for appellant.

*Paul L. Howard, Jr.,* District Attorney, *Gary S. Hulsey, Alvera A. Wheeler,* Assistant District Attorneys, *Thurbert E. Baker,* Attorney General, for appellee.

---

[3] (Citation and punctuation omitted.) *State v. Johnson,* 274 Ga. 511, 512 (555 SE2d 710) (2001).

[4] Id.

[5] See also *Doggett v. United States,* 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992); *State v. Redding,* 274 Ga. 831 (561 SE2d 79) (2002).