## A05A1618. GARRISON v. THE STATE.

(622 SE2d 910)

MILLER, Judge.

A jury found Patrick Garrison guilty of armed robbery, aggravated assault, burglary, and other crimes arising from his participation in a home invasion. He now appeals, arguing that the evidence was insufficient, that the jury charge on alibi was incorrect, and that his motion for severance was improperly denied. We find no error and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that on the evening of May 20, 1999, Garrison and three other men — Anthony Lankford, Territon Kidd, and Ola Ware — drove to a house with the intention of getting some "dope." Wearing dark masks and brandishing guns, Garrison and Lankford shouted that they were "federal agents," and Garrison kicked in the door. Garrison then made his way to the rear of the house, where one of the occupants of a bedroom shut the door to prevent him from entering. Garrison responded by firing the shotgun at the door. When the occupant shut the door again, Garrison fired through the door, shooting off the man's right thumb. Garrison entered the bedroom, inserted the barrel of the shotgun into the same man's mouth, and demanded money, which the victims handed over.

The four men soon got back into their car and drove away from the house. Noticing its high rate of speed, an officer began to follow the car, which went through an intersection without stopping at a stop sign. Its occupants then abandoned the car and ran into the woods. A search of the car recovered evidence including a victim's wallet, a black ski mask, and some 12-gauge shotgun shells. After Ware was apprehended, he gave a statement implicating himself and his three compatriots in the crimes. Garrison's DNA was found in the saliva deposited on the mask, and his fingerprints were found on the getaway car.

Garrison was convicted on two counts of armed robbery, two counts of possession of a weapon during the commission of a crime, five counts of aggravated assault, and one count each of burglary, aggravated battery, and impersonating an officer. His motion for new trial was denied, and he now appeals.

1. Garrison first contends that the evidence was insufficient to justify the denial of his motion for directed verdict. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant

guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The same standard of review applies when a defendant argues that his motion for directed verdict was improperly denied. *Mayes v. State*, 274 Ga. 308 (553 SE2d 621) (2001).

Two of Garrison's compatriots placed him at the scene and identified him as the user of the shotgun. Garrison's DNA was found on the recovered ski mask, and his fingerprints were found on the getaway car. Since this evidence was sufficient to sustain the jury's verdict, the trial court did not err when it denied Garrison's motion for directed verdict. *Mayes*, supra.

2. Garrison next contends that the trial court erred in refusing to give his requested charge on alibi. Specifically, Garrison contends that the trial court's substitution of the word "defendant" for the word "accused" amounted to a "toxic" shift of the burden of proof from the State to himself. We have reviewed the charge, and find that it stated the law on the affirmative defense of alibi accurately. The trial court did not err in giving this version of the charge. *Hunter v. State*, 135 Ga. App. 172, 173-174 (1) (217 SE2d 172) (1975) (trial court did not err in refusing defendant's version of alibi charge when the court's charge substantially covered the same principle).

3. Finally, Garrison contends that the court erred when it denied his motion to sever his case from those of Lankford and Kidd. The record reveals, however, that although Lankford and Kidd both moved to sever, Garrison did not. Garrison has thus waived any argument he may have had concerning severance on appeal. *Smith v. State*, 267 Ga. 372, 373 (2) (477 SE2d 827) (1996) (defendant's failure to join co-defendant's motion to sever, or to file his own, waives issue on appeal).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 4, 2005 — CERT. APPLIED FOR.

*Allen M. Trapp, Jr.*, for appellant.
Patrick Garrison, *pro se.*
*Peter J. Skandalakis, District Attorney, Jeffery W. Hunt, Assistant District Attorney*, for appellee.