A09A2277. THE STATE v. LESSING.

(690 SE2d 501)

PHIPPS, Judge.

The state appeals the trial court's order granting Christopher Lessing's motion to dismiss the accusation against him for violation of his constitutional right to a speedy trial. Because the order is insufficient to enable this court to determine whether the trial court abused its discretion,[1] we vacate and remand for entry of an order applying the analysis contained in *Barker v. Wingo*.[2]

On April 12, 2007, Lessing was arrested for reckless driving, driving under the influence of alcohol and failure to signal a lane change. On June 19, 2007, Lessing filed a demand for speedy trial in Atlanta Municipal Court.[3] The case was transferred to the State Court of Fulton County, and accusations were filed on April 25, 2008. On July 14, 2008, Lessing filed a motion to dismiss for violation of his constitutional right to a speedy trial. On May 4, 2009, after conducting a hearing, the trial court granted Lessing's motion in a brief order that did not include findings of fact or conclusions of law.

In *Barker v. Wingo*,[4] the United States Supreme Court set out a balancing test, in which the conduct of both the prosecution and the defense are weighed, to determine whether a defendant's constitutional right to speedy trial has been violated. Some of the factors to be considered include: the length of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and the

---

[1] See *Brown v. State*, 264 Ga. 803, 805 (2) (450 SE2d 821) (1994) (order on motion to dismiss for violation of right to speedy trial reviewed under abuse of discretion standard).

[2] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[3] See *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994) (A speedy trial is guaranteed an accused by the Sixth Amendment to the United States Constitution and also Art. I, Sec. I, Par. XI (a) of the Georgia Constitution. These rights attach at the time of arrest or when formal charges are brought, whichever is earlier.).

[4] Supra.

[5] Id. at 530 (IV).

prejudice to the defendant.[5] None of the factors is either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial; rather, they are related factors that must be considered together with other relevant circumstances.[6]

In a case implicating a defendant's constitutional right to a speedy trial, "it is essential for the trial court to enter findings of fact and conclusions of law consistent with the *Barker v. Wingo* factors outlined herein. Accordingly, the trial court's order is vacated and the case is remanded for the entry of an appropriate order."[7]

*Judgment vacated and case remanded. Smith, P. J., and Bernes, J., concur.*

## DECIDED FEBRUARY 1, 2010.

*Carmen D. Smith, Solicitor-General, R. Leon Benham, Assistant Solicitor-General*, for appellant.
*Robert W. Chestney*, for appellee.

---

[6] Id. at 533.
[7] *Bryant v. State*, 265 Ga. App. 234, 236 (593 SE2d 705) (2004) (citations omitted).
[1] *Hall v. State*, 282 Ga. 294, 297 (3) (647 SE2d 585) (2007).
[2] Id.