## A10A0665. McGOWAN v. THE STATE.
(695 SE2d 328)

SMITH, Presiding Judge.

Rudolph McGowan appeals from a trial court order denying his motion for discharge and acquittal for violation of his constitutional

---

right to a speedy trial. Because the order is insufficient for us to determine whether the trial court abused its discretion, we vacate the judgment and remand for the entry of an order applying the analysis employed in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

McGowan was arrested on May 10, 2006, and subsequently indicted on December 14, 2006. McGowan filed a demand for speedy trial on March 2, 2007, but withdrew that demand days later when informed that the State planned to reindict the case. The State reindicted McGowan on March 12, 2007 for attempt to traffick in marijuana and illegal use of a communication device. On March 19, 2009, McGowan filed a plea in bar for discharge and acquittal for violation of his constitutional right to a speedy trial. Following a hearing, the trial court summarily denied McGowan's motion in a two-sentence order.

> In *Barker v. Wingo*, the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated[:] (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant.

(Citation and punctuation omitted.) *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994).

> [I]n a case implicating the defendant's right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and applicable to the states by the Due Process Clause of the Fourteenth Amendment, it is essential for the trial court to enter findings of fact and conclusions of law consistent with the *Barker v. Wingo* factors outlined herein.

(Citations, punctuation and footnote omitted.) *Bryant v. State*, 265 Ga. App. 234, 236 (593 SE2d 705) (2004). Here, the trial court made no findings with respect to the *Barker* factors. We therefore vacate the trial court's order and remand this case for the entry of an appropriate order. Id.; see *State v. Lessing*, 302 Ga. App. 196 (690

SE2d 501) (2010).

*Judgment vacated and case remanded. Mikell and Adams, JJ., concur.*

DECIDED APRIL 29, 2010.

*Ross & Pines, Noah H. Pines*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Akintunde A. Akinyele, Assistant District Attorney*, for appellee.