## A10A0890. SMITH v. THE STATE.

(695 SE2d 679)

JOHNSON, Judge.

A jury found Akeem Smith guilty of four counts of aggravated assault with a handgun and three counts of robbery by intimidation. The trial court entered judgments of conviction, imposed concurrent twenty-year sentences for the robberies and one of the aggravated assault counts, and merged the remaining counts into the robberies. After the denial of a motion for new trial, Smith appeals.

1. Construed most strongly in support of the verdicts, the evidence shows that Smith and two accomplices were in Smith's car when they stopped and approached four men. Smith and his accomplices pointed a gun at the men, demanded their money and began searching their wallets and pockets. As the incident was taking place, a police officer passing by in his patrol car stopped and called for backup officers. Smith fled on foot, but his accomplices were arrested at the scene. Smith was apprehended a short time later on a nearby street.[1] The evidence was sufficient to authorize a rational trier of fact to find Smith guilty of the crimes of which he was convicted.[2]

2. Smith contends that the trial court erred in admitting evidence of co-indictee Theron Poe's guilty plea and in allowing the state to make an improper closing argument based on the plea. However, as Smith acknowledges in his brief, he did not raise such objections at trial. Accordingly, he failed to preserve either issue for appellate review.[3] Moreover, "in [Smith's] own closing, his attorney also referenced [Poe's] guilty plea, arguing that it [and Poe's failure to testify] should be viewed to exonerate [Smith]. Such acquiescence cannot serve as grounds for reversal. [Cit.]"[4]

3. Smith claims that his trial counsel was ineffective in failing to object to the evidence of Poe's guilty plea, in failing to object to the state's closing argument that the plea was evidence of Smith's guilt and the jury should convict him because Poe pled guilty, and in failing to request a jury charge that the guilty plea could not be considered as evidence of Smith's guilt.

> To prevail on a claim of ineffective assistance of trial counsel, appellant must show counsel's performance was

---

[1] A more detailed recitation of the facts is set forth in *Artis v. State*, 299 Ga. App. 287 (682 SE2d 375) (2009), which affirmed the convictions of co-defendant Eric Artis.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Anderson v. State*, 286 Ga. 57, 58 (3), (4) (685 SE2d 716) (2009) (failure to make contemporaneous objections to admission of evidence and closing argument of prosecutor waived those issues for appeal).

[4] *Dingler v. State*, 293 Ga. App. 27, 31 (4) (666 SE2d 441) (2008).

156

deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct. [Cit.][5]

(a) With regard to admission of the guilty plea, Smith's attorney testified at the motion for new trial hearing that the defense theory was one of mere presence at the crime scene. Consistent with that theory, counsel did not object to the introduction of Poe's guilty plea because he thought it would actually help the defense by showing Poe to be the lone perpetrator of the robberies. As Smith's lawyer explained, "I was hoping that he would be acquitted of all the charges based on a theory that they had the bad guy that had done everything and Mr. Smith was merely present." That certainly was a legitimate defense,[6] and "[c]ounsel's decision as to which theory of defense to pursue is a matter of strategy and tactics; and, as a general rule, matters of tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel."[7]

(b) As for the claim that trial counsel deficiently failed to object to the state's closing argument that the jury should convict Smith because Poe pled guilty, counsel testified that he did not remember such an argument by the state. Indeed, the trial transcript reveals that, although the state referred to Poe as having taken responsibility by pleading guilty, the prosecutor never argued that the plea was evidence of Smith's guilt or that the jury should convict him simply because his co-defendant had pled guilty. At most, the state simply countered the defense theory that Poe's guilty plea showed him to be the sole perpetrator by arguing that his acceptance of responsibility did not mean that Smith was not also culpable. "The prosecutor's comments with which appellant takes issue are permissible. Accordingly, counsel's failure to object to these comments during argument was not deficient performance. And the failure to make a meritless objection cannot be evidence of ineffective assistance."[8] Moreover, Smith has failed to show actual prejudice. "The evidence against

---

[5] (Punctuation omitted.) *Phillips v. State*, 285 Ga. 213, 218 (5) (675 SE2d 1) (2009).

[6] See *Neal v. State*, 160 Ga. App. 834, 837 (3) (288 SE2d 241) (1982) (noting the logic of a defense attempt to introduce co-defendant's guilty plea to support theory that co-defendant was the guilty party and defendant was innocent bystander).

[7] (Citation and punctuation omitted.) *Celestin v. State*, 296 Ga. App. 727, 731 (2) (675 SE2d 480) (2009).

[8] (Citations and punctuation omitted.) *Hughes v. State*, 302 Ga. App. 251, 253 (1) (690 SE2d 898) (2010).

[him] was overwhelming, and, in light of this evidence, he has not shown that, had trial counsel objected to the State's closing argument, there was a reasonable probability that the outcome of his trial would be different. [Cit.]"[9]

(c) A limiting jury instruction that Poe's guilty plea could not be considered as substantive evidence of Smith's guilt would have been authorized.[10] However, even if we assume that counsel was deficient in failing to request such a charge, Smith has not shown that he was prejudiced by that deficiency. Smith acquiesced in the admission of the plea and used it to support his defense theory; the state did not argue that the plea was evidence of Smith's guilt; the trial court instructed the jury that it must determine the guilt or innocence of each defendant separately and that the conviction of one defendant does not require the conviction of another, and in response to a question from the jurors, it charged them that the sentencing of Poe was not relevant to their consideration of Smith's guilt or innocence; and the evidence against Smith, including the fact that he and his accomplices were caught by police in the commission of the crimes, was overwhelming. Under these circumstances, "we find no reasonable probability . . . that the outcome of the trial would have been different had the charge been requested. [Cit.]"[11]

4. Smith argues that the trial court erred in denying his motion to sever his trial from that of Artis because there was scant evidence against him, so his conviction likely resulted from the substantial evidence introduced against Artis.

> A defendant who seeks a severance must show clearly that he will be prejudiced by a joint trial, and in the absence of such a showing, this Court will not disturb the trial court's denial of a severance motion. [Cit.] The trial court is to consider whether a joint trial will create confusion of the evidence and law, whether there is a danger that evidence implicating only one defendant will be considered against a co-defendant despite limiting instructions, and whether the defendants are asserting antagonistic defenses. [Cit.][12]

Contrary to Smith's argument, there was substantial evidence against him, including his flight from the scene when police arrived

[9] *Bridges v. State*, 286 Ga. 535, 540 (6) (690 SE2d 136) (2010).
[10] See *Pinckney v. State*, 236 Ga. App. 74, 75 (1) (510 SE2d 923) (1999) (noting that the general rule against the admission of a joint offender's guilty plea does not apply where the plea is admitted with instruction that it not be used as evidence of the defendant's guilt).
[11] *Ruiz v. State*, 286 Ga. 146, 149 (2) (b) (686 SE2d 253) (2009).
[12] *Denny v. State*, 281 Ga. 114, 115-116 (1) (636 SE2d 500) (2006).

as the robberies were in progress. Furthermore, "the number of defendants was not so large as to create confusion regarding the evidence and the law to be applied to each defendant. [Cit.]"[13] Indeed, even if the evidence against Artis was stronger, "the fact that the evidence as to one of two co-defendants is stronger does not demand a finding that the denial of a severance motion is an abuse of discretion, where[, as here,] there is evidence showing that the defendants acted in concert."[14] Because Smith has not clearly shown prejudice and a denial of due process, the trial court's denial of the severance motion will not be disturbed.

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED MAY 20, 2010 — .

*Jennifer A. Trieshmann*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Deborah D. Wellborn, Assistant District Attorney*, for appellee.

---

[13] Id. at 116 (1)
[14] (Punctuation omitted.) *Lankford v. State*, 295 Ga. App. 590, 593 (1) (672 SE2d 534) (2009).
[1] *Reid v. State*, 298 Ga. App. 889 (681 SE2d 671) (2009).
[2] Id.