## A11A0138. MOORE v. THE STATE.
(710 SE2d 692)

PHIPPS, Presiding Judge.

Willie Moore appeals from the trial court's order denying his plea in bar and motion to dismiss based upon an alleged violation of his constitutional right to a speedy trial. We vacate the order and remand the case for the entry of an order expressly applying the analysis contained in *Barker v. Wingo*.[1]

Moore was arrested in 2004 and indicted in 2007 on charges which included statutory rape, aggravated child molestation, and child molestation. He filed a plea in bar, moving to dismiss his indictment based on speedy trial grounds, and a special demurrer (asserting that the indictment was defective). The court denied Moore's plea in bar as well as his special demurrer. Moore appealed. This court affirmed the denial of Moore's plea in bar and reversed and remanded the case for a hearing on the special demurrer;[2] the trial court granted the special demurrer. The state subsequently re-indicted Moore on charges of statutory rape, child molestation, and false imprisonment.

Moore then filed a demand for speedy trial, plea in bar and motion to dismiss the second indictment, contending that his constitutional right to a speedy trial had been violated; he claimed the relevant time period began in 2004 and continued through the filing of the second plea in bar and motion to dismiss. In February 2010, after conducting a hearing, the trial court summarily denied Moore's plea in bar in an order that did not include any findings of fact or conclusions of law.

---

[1] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[2] *Moore v. State*, 294 Ga. App. 570 (669 SE2d 498) (2008).

In *Barker v. Wingo*, the United States Supreme Court set out a balancing test, in which the conduct of both the prosecution and the defense are weighed, to determine whether a defendant's constitutional right to speedy trial has been violated. Some of the factors to be considered include: the length of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant. None of the factors is either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial; rather, they are related factors that must be considered together with other relevant circumstances.[3]

In a case implicating a defendant's constitutional right to a speedy trial, it is imperative for the trial court to enter findings of fact and conclusions of law consistent with *Barker v. Wingo*.[4] Because the trial court failed to enter such findings and conclusions, the order is vacated and the case is remanded for the entry of a proper order.[5]

*Judgment vacated and case remanded with direction. Andrews and McFadden, JJ., concur.*

DECIDED MAY 6, 2011.

*Jay M. Jackson*, for appellant.
*Tracy Graham-Lawson, District Attorney, Billy J. Dixon, Assistant District Attorney*, for appellee.

---

[3] *State v. Lessing*, 302 Ga. App. 196-197 (690 SE2d 501) (2010) (footnotes omitted).
[4] *Lessing*, supra; *McGowan v. State*, 303 Ga. App. 873, 874 (695 SE2d 328) (2010).
[5] See *Bryant v. State*, 265 Ga. App. 234, 236 (593 SE2d 705) (2004).