**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**September 18, 2012**

# In the Court of Appeals of Georgia

A12A1368. GARMON v. THE STATE.

MCFADDEN, Judge.

After a jury trial, John Lamar Garmon was convicted of aggravated battery, burglary, and criminal attempt to commit armed robbery. As detailed below, we find that the evidence was sufficient to authorize Garmon's convictions and the trial court did not abuse its discretion in denying his motion to sever his trial from that of his co-defendant, Eddie Dodd. Accordingly, we affirm.

1. Garmon challenges the sufficiency of the evidence. On appeal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence showed that, early in the morning on July 23, 2008, Larry Cleveland awoke to find two men in his bedroom. The men beat Cleveland with their fists and a flashlight. The men also demanded his keys and money. Cleveland fought with the men and chased them out of his house. In doing so, he glimpsed both men's faces. In the course of the altercation, Cleveland sustained injuries to his head that required numerous stitches and staples and resulted in a scar on his face. At trial, Cleveland identified John Garmon and Eddie Dodd as the two men he had seen in his bedroom.

"The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8; accord *Wilcox v. State*, 310 Ga. App. 382, 384-385 (713 SE2d 468) (2011). So Cleveland's testimony that Garmon was one of the two men who came into his house, beat him with fists and a flashlight, and demanded his keys and money authorized the jury to find Garmon guilty of burglary, aggravated battery, and criminal attempt to commit armed robbery. See OCGA §§ 16-4-1 (a person commits criminal attempt when, with intent to commit a specific crime, he performs an act constituting a substantial step toward the crime's commission); 16-5-24 (a) (a person commits aggravated battery when he maliciously causes another bodily harm by seriously disfiguring the victim's body); 16-7-1 (b) (a person commits burglary when,

2

without authority and with the intent to commit a felony or theft, he enters another's dwelling house); 16-8-41 (a) (a person commits armed robbery when, with the intent to commit theft, he takes another's property from another's person or immediate presence by use of an offensive weapon). See also *Brown v. State*, 275 Ga. App. 99, 100-101 (1) (619 SE2d 789) (2005) (evidence that husband struck wife on head with sword, causing wounds that required stitches, was sufficient to authorize conviction for aggravated battery); *Livery v. State*, 233 Ga. App. 882, 884 (1) (506 SE2d 165) (1998) (an offensive weapon includes an instrumentality that, while not offensive per se, may be found by a jury to be likely to produce death or great bodily injury depending on the manner and means of its use). Although Garmon challenges the credibility of Cleveland and other trial witnesses who corroborated Cleveland's testimony, on appeal we do not judge witness credibility and "[t]he resolution of [any] conflicts in the evidence is entrusted to the jury." (Citation omitted.) *Brown*, 275 Ga. App. at 101 (1).

2. Garmon challenges the trial court's denial of his motion to sever his trial from that of his co-defendant, Dodd. Where, as here, defendants are jointly indicted for a non-capital felony, they "may be tried jointly or separately in the discretion of the trial court." OCGA § 17-8-4 (a).

3

In exercising that discretion, the court must consider the following factors: (1) Will the number of defendants create confusion as to the law and evidence applicable to each? (2) Is there a danger that evidence admissible against one defendant will be considered against the other despite the court's instructions? (3) Are the defenses of the defendants antagonistic to each other or to each other's rights?

(Citation and punctuation omitted.) *Butler v. State*, 290 Ga. 412, 413 (2) (721 SE2d 876) (2012).

Garmon asserts that the trial court was required to expressly address in its ruling each of the above three factors. We disagree. The requirement that a trial court consider certain factors in making a discretionary ruling does not necessarily mean that the court must expressly articulate in its ruling its specific findings on those factors. See *Clay v. State*, 290 Ga. 822, 835-837 (3) (B) (725 SE2d 260) (2012) (holding that trial court should apply five factors in conducting balancing test to determine admissibility of evidence of witness's past conviction, when conviction was within ten years, but overruling Court of Appeals decisions requiring trial court to expressly list the specific factors in its ruling thereon). Garmon has cited no authority requiring the trial court to make express findings on each factor to be considered in ruling on a motion to sever. The statute authorizing the defendants to

4

be tried jointly requires only that the trial court exercise its discretion without specifying any specific findings that the court must make in that regard. Compare OCGA § 17-8-4 (a) with OCGA § 9-15-14 (b) (setting forth specific findings a court must make to support an award of attorney fees and expenses of litigation) and OCGA § 9-11-23 (f) (3) (requiring trial court, in deciding whether to certify a class, to enter a written order addressing whether factors set out in other subsections of Code section have been met and specifying findings of fact and conclusions of law supporting court's decision as to each factor). Moreover, we have found no cases requiring express findings on the factors pertaining to a motion to sever. Compare *Porter v. Felker*, 261 Ga. 421, 422 (3) (405 SE2d 31) (1991) (vacating award of attorney fees under OCGA § 9-15-14 because trial court's order did not contain findings of conduct that authorized award under that Code section); *Aleman v. UHS-Pruitt Holdings*, 306 Ga. App. 650, 650-651 (703 SE2d 96) (2010) (vacating ruling on class certification because trial court failed to specify any findings of facts or conclusions of law on which it based its decision regarding certain class certification factors, as it was required to do under OCGA § 9-11-23 (f) (3)); *Bryant v. State*, 265 Ga. App. 234, 236 (593 SE2d 705) (2004) (requiring trial court to enter findings of fact and conclusions of law on factors pertaining to speedy trial decision, but

5

recognizing that "[i]n other circumstances, a summary order entered by a trial court generally is sufficient to enable the appellate court to determine whether the broad discretion vested in the trial court has been abused").

Garmon also argues that "the trial court should have granted a severance in order to achieve a fair determination of [Garmon's] guilt or innocence." "[T]he exercise of a trial court's discretion in denying a motion to sever will not be disturbed on appeal unless the defendant clearly demonstrates that he suffered prejudice by one or more of the [three] factors amounting to a denial of due process." (Citation omitted.) *Harper v. State*, 300 Ga. App. 757, 769 (12) (686 SE2d 375) (2009).

Garmon asserts that he suffered prejudice by the first factor – that "the number of defendants create[d] confusion as to the law and evidence applicable to each," *Butler*, 290 Ga. at 413 (2) – because, he contends, the evidence against Dodd was stronger than that against him, suggesting that "a jury may have, simply upon finding [Dodd] guilty, also found . . . Garmon guilty." But "it is not enough for the defendant to show that he would have a better chance of acquittal at a separate trial or that the evidence against a co-defendant is stronger." (Citations and punctuation omitted.) *Butler*, 290 Ga. at 413 (2). See also *Owen v. State*, 266 Ga. 312, 314 (2) (467 SE2d 325) (1996). "[T]he fact that the evidence as to one of two co-defendants is stronger

6

does not demand a finding that the denial of a severance motion is an abuse of discretion where, as here, there is evidence showing that the defendants acted in concert." (Citation and punctuation omitted.) *Smith v. State*, 304 Ga. App. 155, 158 (4) (695 SE2d 679) (2010).

Garmon does not argue that he suffered prejudice by way of the other two factors pertinent to a motion to sever. He has not pointed to any evidence that he contends was not admissible against himself but was admissible against Dodd, and he has not claimed that his defense was antagonistic to that of Dodd. See *White v. State*, 308 Ga. App. 38, 42, (3) (702 SE2d 570) (2011).

Under these circumstances, we find that Garmon has not met his burden of showing clearly that the joint trial prejudiced his defense, resulting in a denial of due process. See *Butler*, 290 Ga. at 413-414 (2); *Owen*, 266 Ga. at 314 (2); *White*, 308 Ga. App. at 42 (3); *Smith*, 304 Ga. App. at 157-158 (4). Accordingly, we find that the trial court did not abuse its discretion in denying the motion to sever. See *Butler*, 290 Ga. at 414 (2). Compare *Crawford v. State*, 148 Ga. App. 523, 525-526 (251 SE2d 602) (1978) (finding trial court erred in denying motion to sever in child cruelty case where the evidence and law applicable to the defendant was significantly different than that applicable to his two co-defendants, in that there was no evidence that the

7

defendant was ever a party or witness to the co-defendants' abuse of the child victim and the state sought to convict the defendant on a different legal theory than the co-defendants).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*