**THIRD DIVISION
ELLINGTON, P. J.,
BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**May 31, 2018**

# In the Court of Appeals of Georgia

A18A0467. ROYSTER v. STATE OF GEORGIA.

ELLINGTON, Presiding Judge.

In 2015, John Royster petitioned for release from the requirement that he be registered as a sex offender that resulted from a 1993 conviction. In opposing the petition, the State argued, inter alia, that Royster failed to meet one of the statutory requirements for eligibility, specifically, that the victim in the underlying sexual offense had not been physically restrained during the commission of the offense.[1] The Superior Court of Gwinnett County denied the petition based on a general finding that Royster is not eligible to be released from the sex offender registry under the applicable statutory criteria. Thereafter, this Court granted Royster's application for discretionary appeal, and his first appeal was docketed as Case No. A16A1711.

---

[1] See OCGA §§ 17-10-6.2 (c) (1) (F); 42-1-19 (a) (4), (c) (2) (A).

In that first appeal, although the trial court had not specified in denying Royster's petition which criterion or criteria he had failed to satisfy, we inferred that the trial court agreed with the State that he was ineligible because the victim had been physically restrained during the commission of the offenses. *Royster v. State of Georgia*, Case No. A16A1711, decided March 1, 2017 . We determined that the only evidence specifically cited by the State to demonstrate that the victim had been physically restrained did not relate to the aggravated molestation charges that resulted in conviction and required sex offender registration; rather, the evidence of physical restraint was directly related to child molestation charges on which the jury had found Royster not guilty. Id. We held that the doctrine of collateral estoppel prevented the trial court from considering evidence related to offenses for which Royster had been acquitted. Id. Accordingly, we vacated the order and remanded the case for the trial court to determine whether Royster had otherwise satisfied the statutory requirements for eligibility. Id.

Following remand, the trial court entered an order summarily denying Royster's petition without specifying any statutory factor he failed to satisfy or otherwise making any findings of fact or conclusions of law. We granted Royster's second application for discretionary review. In this appeal, Royster again contends

2

that the trial court abused its discretion in denying the petition. For reasons that follow, we affirm.

1. Initially, Royster frames the issue as follows: "can a trial court deny a motion on one specific ground and then, after getting reversed on appeal, deny the motion again but for a wholly different reason?" Under the circumstances in this case, the answer is "yes." When we vacated the order denying Royster's petition, we expressly left it to the trial court to revisit the entirety of his petition, with the proviso that the court not improperly consider certain evidence.[2] As we explained in great detail in the

_____

[2] As we explained in Case No. A16A1711:

Given that the trial court failed to apply the doctrine of collateral estoppel when it considered evidence of physical restraint related to offenses for which Royster was acquitted and, in doing so, also failed to apply OCGA § 42-1-19 (a) (4) under its plain language, it clearly erred in denying Royster's petition for release from the sex-offender registry on this basis. In so holding, *we offer no opinion on whether Royster has otherwise satisfied the statutory requirements necessary for being released from the sex-offender registry. Rather, we leave these matters for the trial court to consider on remand in determining whether Royster is eligible for such*. Our holding in this case is exceedingly narrow: the trial court may not consider evidence of physical restraint related to sexual offenses for which Royster was acquitted in determining whether he is eligible for release from the sex-offender registry. And because the trial court permitted this prohibited evidence to taint the proceedings below, we have no choice but to vacate and remand for reconsideration of Royster's petition in a manner consistent with this opinion.

(Emphasis added.)

3

earlier appeal in this case, a person who petitions to be released from the requirement that he be registered as a sex offender must show that he has "completed all prison, parole, supervised release, and probation for the offense which required registration," OCGA § 42-1-19 (a) (4), and that he meets six other criteria set out in OCGA § 17-10-6.2 (c) (1) (A) through (F) (the fact that the victim was not physically restrained during the commission of the offense is just one of those criteria).

> [T]he burden is on the defendant petitioning for release from the sex offender registration requirements to make out a prima facie case of entitlement to release sufficient to shift the burden to the State to show the contrary. . . . [W]hat amount of evidence will change the onus or burden of proof is a question to be decided in each case by the sound discretion of the trial court.

(Citations and punctuation omitted.) *State v. Randle*, 331 Ga. App. 1, 8 (2) (769 SE2d 724) (2015) (physical precedent only), aff'd, 298 Ga. 375 (781 SE2d 781) (2016). If the petitioner shows that he has satisfied every one of these conditions, then the trial court may consider whether, by a preponderance of the evidence, the individual poses a substantial risk of perpetrating any future dangerous sexual offense. OCGA § 42-1-19 (f). In making this determination, the trial court may consider *any* evidence

4

relevant to the likelihood that the petitioner will re-offend. OCGA § 42-1-19 (d);[3] *State v. Randle*, 331 Ga. App. at 4.

It is plain that the petitioner's failure to satisfy *even one* of the required conditions is disqualifying. It follows that, if the trial court finds any ground for disqualification, it is authorized to deny the petition. In that circumstance, there is no statutory requirement that the trial court make a determination as to the remaining eligibility factors. Royster contends that, if, "in the lower court's eyes, [he] was precluded from the relief he sought solely because the court thought there was physical restraint, the converse would also have to be true: since physical restraint was no longer at issue, . . . Royster was entitled to have his petition granted by the lower court." That may be so, but the first order denying Royster's petition does *not* indicate that the trial court found that he was precluded from the relief he sought *solely* because the court thought there was physical restraint. In the previous appeal,

---

[3] In considering a petition for release from sex offender registration requirements:

the court may consider:
(1) Any evidence introduced by the petitioner;
(2) Any evidence introduced by the district attorney or sheriff; and
(3) Any other relevant evidence.

OCGA § 42-1-19 (d).

we emphasized that, on remand, the trial court would need to determine whether Royster has satisfied the statutory requirements necessary for being released from the sex-offender registry.[4]

Moreover, the trial court is vested with the discretion to deny a petition *even if* a petitioner satisfies every one of the statutory eligibility factors, based on the trial court's assessment of the risk of the petitioner committing future dangerous sexual offenses, a determination the trial court would not have reached in ruling on Royster's petition the first time. See OCGA § 42-1-19 (f); *Yelverton v. State*, 300 Ga. 312, 318 (1) (794 SE2d 613) (2016).[5] The trial court was indeed authorized, after denying Royster's petition on one specific ground and being reversed on appeal, to deny the petition a second time for a wholly different reason so long as it followed this Court's directive not to consider evidence of physical restraint related to the jury's not-guilty findings.

---

[4] See n. 2, supra.

[5] To give one hypothetical, there may be no evidence that a petitioner had committed "a relevant similar transaction," yet there may be substantial evidence that the petitioner plans to commit dangerous sexual offenses in the future, such as statements to others, postings on social media, etc.

2. Royster contends that he met all the requisite criteria for removal from the registry and, therefore, that the trial court abused its discretion in denying his petition. In terms of the second prong of the analysis under OCGA § 42-1-19, the risk of re-offending, Royster contends that the evidence that he does not pose a substantial risk of perpetrating any future dangerous sexual offense is overwhelming. As he contends, the trial court never made an express finding that he presents a substantial risk of future offenses, although the State did present argument on this issue. But, although

> OCGA § 42-1-12 (g) (1) specifies the criterion the superior court must consider in determining whether to grant a petition for relief from the statute's registration requirements, namely, the risk that the petitioner will reoffend, . . . it does not state that the superior court's order granting or denying a petition must include written findings of fact or conclusions of law. We have no authority to read such a requirement into the statute.

(Citations omitted.) *In re Baucom*, 297 Ga. App. 661, 663-664 (2) (678 SE2d 118) (2009).[6]

---

[6] See *Garmon v. State*, 317 Ga. App. 634, 635 (2) (732 SE2d 289) (2012) ("The requirement that a trial court consider certain factors in making a discretionary ruling does not necessarily mean that the court must expressly articulate in its ruling its specific findings on those factors.") (citation omitted); *Bryant v. State*, 265 Ga. App. 234, 236 (593 SE2d 705) (2004) (Other than in ruling on a demand for speedy trial, "a summary order entered by a trial court generally is sufficient to enable the appellate court to determine

While Royster did present substantial evidence, the trial court's determination of risk depended, inter alia, on its assessment of the credibility of Royster and of the expert who testified very favorably on his behalf regarding a risk assessment examination and analysis by the expert. As an appellate court, we accept the credibility determinations of the trial court.[7] Regardless how we may have evaluated the risk, in matters commended to the discretion of the trial court, we will not substitute our judgment for that of the trial court.[8] Royster has not shown a manifest abuse of discretion, and we therefore affirm.

*Judgment affirmed. Bethel, J., and Senior Appellate Judge Herbert E. Phipps concur*.

---

whether the broad discretion vested in the trial court has been abused."); *Change v. State*, 156 Ga. App. 316, 319 (6) (274 SE2d 711) (1980) (A trial court is not required to make findings of fact and conclusions of law in a criminal case.); OCGA § 9-11-52 (a) ("[I]n all [civil] nonjury trials in courts of record, the court shall *upon request of any party made prior to such ruling*, find the facts specially and shall state separately its conclusions of law.") (emphasis supplied).

[7] *State v. Abbott*, _ Ga. _ (1) (Case No. S17A1583, decided March 15, 2018); *State v. Ogunsuyi*, 301 Ga. 281, 283 (800 SE2d 542) (2017); *State v. Plaines*, _ Ga. App. _ (1) (Case No. A17A1433, decided March 15, 2018).

[8] *Atlanta Business Video, LLC v. FanTrace, LLC*, 324 Ga. App. 559, 560 (751 SE2d 169) (2013); *Cabey v. DeKalb Medical Ctr.*, 252 Ga. App. 313, 314 (3) (555 SE2d 742) (2001).