**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**October 25, 2024**

# In the Court of Appeals of Georgia

A24A0847. IN RE: SUZANNE PEAVY WALBERT, PROPOSED
WARD.

MCFADDEN, Presiding Judge.

This case involves competing petitions for appointment of a guardian and conservator filed by the children of proposed ward Suzanne Walbert. Catherine Peek, Walbert's daughter, and Peek's husband filed a petition in probate court seeking the appointment of a neutral guardian and conservator for Walbert. Loryn Walker and Robert Holly, Walbert's daughter and son, filed a separate petition seeking to have themselves appointed as Walbert's guardians and conservators. After a hearing on the competing petitions and caveats thereto, the probate court entered an order appointing a neutral guardian and a neutral conservator for Walbert.

Walker and Holly appeal, claiming that the probate court made findings of fact based on evidence that was not presented at the final hearing; but they have failed to identify any such findings in the court's final order. The appellants further assert that the probate court's final order does not include required findings to support the grant of certain powers to the guardian; but they have not shown that such findings were required to be set forth in the order and the court is presumed to know the law. Finally, Walker and Holly claim that the probate court erred in denying their motion to disqualify Walbert's appointed attorney; but they have shown no abuse of discretion. So we affirm the judgment below.

1. *Findings unsupported by evidence presented at the hearing*

Walker and Holly claim that the probate court's final order includes findings of fact based on evidence that was not introduced at the final hearing. But they have not identified any such findings in the final order. Instead, they point to statements made by the probate court judge during the hearing, none of which were included in the final order.

Citing case law for the proposition that a trial court cannot rely on evidence presented at prior hearings unless the court has given the parties advance notice of

such evidence, see *Pace v. Pace*, 287 Ga. 899, 901 (700 SE2d 571) (2010), the appellants claim that at the outset of the final hearing, the judge improperly stated her intent to rely on evidence from earlier hearings. But their claim misconstrues the judge's statements which simply indicated that the court was going to limit the time for witness examinations "in an effort to achieve judicial economy on matters that have been pre-litigated in hearings of the past." It is unclear what previously litigated matters the court was referring to, and the appellants have not identified any, but the court certainly possessed the "inherent power to efficiently administer the cases upon its docket[.]" *Francis v. NR Deed, LLC*, 359 Ga. App. 707, 708 (2) (858 SE2d 99) (2021) (citation and punctuation omitted). Moreover, and contrary to the appellants' claim, the court never stated that its time limitations on witness examinations meant that the court would instead rely on evidence from past hearings to make findings of fact that were unsupported by any evidence presented at the final hearing.

Walker and Holly also point to the judge's oral statements at the end of the hearing about a 2021 durable power of attorney showing Walbert's intent to change 2014 and 2017 powers of attorney. But the court did not state that the 2021 document had in fact revoked the earlier documents, instead noting that there were questions

about the validity of the 2021 document and "an absence of a properly executed 2021 intent[.]" Moreover, none of these statements were made in the court's final order, which included no such findings about the 2021 document showing an intent to revoke the earlier documents. Indeed, the appellants acknowledge in their brief that the court did not find in the final order that the 2021 document had revoked the earlier one. So "even if [the statements] did amount to an oral ruling on [the matter], the written order [omitting] such a ruling would control." *State v. Mondor*, 306 Ga. 338, 351 (3) (830 SE2d 206) (2019). "[U]ntil an oral pronouncement is memorialized, the trial judge has broad discretion to amend, alter, or completely change [her] decision, and any discrepancy between the oral pronouncement and the written ruling will be resolved in favor of the written judgment." *Mondy v. Magnolia Advanced Materials*, 303 Ga. 764, 772 (815 SE2d 70) (2018). Given the failure of the appellants to show that any findings of fact in the final written order were unsupported by evidence presented at the hearing, this claim of error provides no basis for reversal.

2. *Health care directive*

Walker and Holly contend that the probate court erred by failing to make findings required by OCGA § 31-32-6 (c) before it granted authority to the guardian

that usurped their authority as health care agents under a 2017 health care directive. That code section provides "that no order usurping the authority of a health care agent known to the proposed guardian shall be entered unless . . . it is shown by clear and convincing evidence that the health care agent is acting in a manner inconsistent with the power of attorney." OCGA § 31-32-6 (c). The appellants contend that the final order must be reversed because it did not include an express finding that there was clear and convincing evidence showing that they had acted in a manner inconsistent with the health care directive.

Although the code section "specifies the criterion [a] court must consider in determining whether to [enter an order usurping a health care agent's authority], it does not state that [such an] order . . . must include written findings of fact or conclusions of law. We have no authority to read such a requirement into the statute." *Royster v. State of Ga.*, 346 Ga. App. 333, 336 (2) (814 SE2d 455) (2018) (citation and punctuation omitted) (involving sex offender registry statute). See also *Garmon v. State*, 317 Ga. App. 634, 635 (2) (732 SE2d 289) (2012) (requirement that a trial court consider certain factors in making a ruling does not necessarily mean that the court must expressly articulate specific findings on those factors in its ruling); *American*

5

*Mgmt. Svcs. East v. Fort Benning Family Communities*, 313 Ga. App. 124, 128 (1) (b) (720 SE2d 377) (2011) (statute concerning injunctions "does not require an express finding by a trial court [showing] a particular category listed in" the statute). So reversal is not mandated by the absence of an express declaration, as to the evidence that the health care agent was acting in a manner inconsistent with the health care directive, that it was clear and convincing.

Furthermore, "[t]he trial judge is presumed to know the law and presumed to faithfully and lawfully perform the duties devolving upon [her] by law." *Infinite Energy v. Ga. PSC*, 257 Ga. App. 757, 759 (1) (572 SE2d 91) (2001) (citation and punctuation omitted). So despite the lack of an express finding in the order, there is no reversible error since the probate court is presumed to know and follow the law. See *In the Interest of A. L. L.,* 211 Ga. App. 767, 770 (5) (440 SE2d 517) (1994) (even though trial court's order failed to state the applicable clear and convincing standard, there is no reversible error because the court is presumed to know the law).

3. *Motion to disqualify*

6

Walker and Holly complain that the probate court erred in denying their motion to disqualify Walbert's appointed counsel because counsel failed to represent Walbert's desires and instead improperly acted as a guardian ad litem by recommending that appointment of a neutral guardian was in Walbert's best interests. The appellants cite OCGA § 29-9-2 (b), which provides that "[a] person who is appointed as counsel for a ward, proposed ward, or alleged incapacitated person is not eligible to be appointed as guardian ad litem for the same individual[.]"

As an initial matter, it is undisputed that counsel was not also appointed as guardian ad litem for Walbert, and instead a separate person was appointed to that role. As for the contention that counsel failed to advocate for Walbert and instead usurped the role of the guardian ad litem, we find no reversible error. Counsel stated in her place to the court that she had consulted with Walbert and had advocated only pursuant to Walbert's instructions and desires. As counsel explained: "[M]y role did not change from attorney to guardian ad litem just because I said something was in my client's best interest. . . . I've been zealously advocating for what I believe my client[] and I have discussed and what I think she would like for me to do, based on all I know."

> The ultimate determination of whether an attorney should be disqualified from representing a client in a judicial proceeding rests in the sound discretion of the trial judge. This [c]ourt will not interfere with a trial court's ruling absent abuse of that discretion. In ruling on a motion to disqualify counsel, the trial court sits as the trier of fact, resolving conflicts in the evidence and assessing witness credibility.

*Samnick v. Goodman*, 354 Ga. App. 805, 806 (841 SE2d 468) (2020) (citations and punctuation omitted). See also *Bernocchi v. Forcucci*, 279 Ga. 460, 462 (2) (614 SE2d 775) (2005) (disqualification of counsel is an extraordinary remedy and should be granted sparingly).

Here, in denying the motion to disqualify, the probate court was authorized to find counsel's statements credible and to conclude that counsel was advocating for her client's wishes and that disqualification would be a substantial hardship. "Courts should approach motions to disqualify with caution due to the consequences that could result if the motion is granted, such as the inevitable delay of the proceedings and the unique hardship on the client including the loss of time, money, . . . and specialized knowledge of the disqualified attorney." *Reid v. Samsung SDI Co.*, 366 Ga. App. 570, 574 (883 SE2d 584) (2023) (citation and punctuation omitted). We thus find no abuse of discretion and "affirm the denial of [the] motion to disqualify . . . [c]ounsel, because there [has been no showing of an] actual conflict of interest or

actual impropriety." *Kamara v. Henson*, 340 Ga. App. 111, 116 (2) (796 SE2d 496) (2017).

*Judgment affirmed. Mercier, C. J., and Rickman, J., concur.*